

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**07 CV 5871**

--------------------------------------------------------------X

ZOHREH STARR a/k/a ZOE STARR,

Civil Docket No.:

        Plaintiff,

     -against-

**COMPLAINT**



TIME WARNER, INC. and TIME WARNER
CABLE, INC.,

        Defendant(s).

--------------------------------------------------------------X

Plaintiff ZOHREH STARR a/k/a ZOE STARR, (hereinafter "Plaintiff"), by her attorneys SYLVOR & RICHMAN, LLP, as and for her Complaint alleges the following:

## JURISDICTION and VENUE

1.     This is a civil action arising out of a wrongful termination of employment in violation of public policy.

2.     Jurisdiction of the Court is based on 28 U.S.C.A. §1331 as there are substantial federal questions involved in the interpretation of a federal statute(s).

3.     At all times hereinafter mentioned, at the time of the subject employment Plaintiff was a resident of the State of New York.

4.     At all times hereinafter mentioned, Plaintiff is currently a resident of the State of California.

5.     Upon information and belief, Defendant TWC, Inc., (hereinafter "TW"), is a publicly traded company on the New York Stock Exchange, trading under the symbol TWX:NYSE.

6.     Upon information and belief, Defendant TWC Cable, Inc., (hereinafter "TWC") is a division of TW.

7.    Upon information and belief, TW and TWC maintain offices in the City and State of New York, with its headquarters located at One TWC Center, New York, NY 10019.

8.    Venue is proper under 28 U.S.C.A. §1391 as TW and TWC maintain offices and headquarters in the City and State of New York.

## STATEMENT OF RELEVANT FACTS

9.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 8 hereof, as though fully set forth at length herein.

10.    On or about September 8, 2003, Plaintiff commenced her employment with TWC at its offices at 290 Harbor Drive, Stamford, CT. 06902.

11.    While in the employ of TWC, Plaintiff was discriminated and harassed because of her Iranian origin.

12.    While in the employ of TWC, the management and employees at TWC created a hostile working environment solely because of her Iranian origin.

13.    While in the employ of TWC, the management and employees at TWC created a hostile working environment, which included stripping Plaintiff of her projects and responsibilities.

14.    While in the employ of TWC, the management and employees at TWC created a hostile working environment, which included, but not limited to, launching a calculated defamatory campaign to bash Plaintiff's reputation.

15.    While in the employ of TWC, the management and employees at TWC created a hostile working environment, which included, but not limited to, rarely speaking to Plaintiff and advising co-workers to do the same.

2

16    While in the employ of TWC, the management and employees at TWC created a hostile working environment, which included, but not limited to, omitting Plaintiff from important communications.

17.    While in the employ of TWC, the management and employees at TWC created a hostile working environment, which included, but not limited to, excluding Plaintiff from meetings.

18.    While in the employ of TWC, the management and employees at TWC created a hostile working environment, which included, but not limited to, blocking Plaintiff's attempts to transfer within the company.

19.    As a result of TWC's discriminatory conduct against Plaintiff, she became mentally and physically injured, requiring her to take a medical leave of absence.

20.    Plaintiff's medical leave of absence was authorized by TWC.

21.    Plaintiff's medical leave of absence fell within TWC's employee disability insurance policy.

22.    TWC's disability insurance carrier approved and paid for Plaintiff's medical care and treatment while Plaintiff was on medical leave.

23.    While on medical leave, Plaintiff provided TWC with periodic updates regarding the progress of her medical condition.

24.    While on medical leave, TWC advised and assured Plaintiff that her position with the company would be available upon her return.

25.    In March 2006, Plaintiff was cleared by her treating doctors to return to work.

26.    TWC failed to and refuses to return to Plaintiff the position that she held within the company prior to her medical leave of absence.

3

27.    TWC failed to and refuses to provide Plaintiff with an equivalent position with the company as Plaintiff had prior to her medical leave of absence.

28.    On or about April 7, 2006, TWC advised Plaintiff that neither her job, nor any employment position with the company, was available to her.

29.    On or about October 4, 2006, Plaintiff filed a claim with the United States Equal Employment Opportunity Commission, (hereinafter "EEOC"), complaining that her termination was wrongful on the account that it was based on a discriminatory practice stemming from her medical condition and her Iranian origin.

30.    On or about March 27, 2007, the EEOC incorrectly determined that Plaintiff was time-barred from filing a claim with the agency

31.    On or about April 3, 2007, Plaintiff appealed the EEOC's March 27, 2007 decision. To date, the EEOC has not rendered a decision on the appeal.

## AS AND FOR A FIRST CAUSE OF ACTION

### (American Disabilities Act of 1990- Titles I and V – 29 C.F.R. 1630, *et seq.*)

32.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 31 hereof, as though fully set forth at length herein.

33.    TWC wrongfully termination of Plaintiff is in violation of the American Disabilities Act of 1990, (hereinafter "ADA").

34.    29 C.F.R. 1630.4, entitled "Discrimination prohibited," states in relevant part as follows:

It is unlawful for a covered entity to discriminate on the basis of disability against a qualified individual with a disability in regard to:

...

(b) Hiring, upgrading, promotion, award of tenure, demotion, transfer, layoff, termination, right of return from layoff, and rehiring;

4

...

(d) Job assignments, job classifications, organizational structures, position descriptions, lines of progression, and seniority lists;

...

(e) Leaves of absence, sick leave, or any other leave;

...

(g) Selection and financial support for training, including: apprenticeships, professional meetings, conferences and other related activities, and selection for leaves of absence to pursue training;

...

(h) Activities sponsored by a covered entity including social and recreational programs; and

(i) Any other term, condition, or privilege of employment.

35.    29 C.F.R. 1630.2(b) defines that the term "covered entity" as an employer, employment agency, labor organization, or joint labor management committee."

36.    29 C.F.R. 1630.2(e) defines that the term 'employer" as "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person, except that, for two years following the effective date of this subchapter, an employer means a person engaged in an industry affecting commerce who has 25 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year, and any agent of such person.

37.    29 C.F.R. 1630.2(f) defines a "disability" as follows:

(1)    a physical or mental impairment that substantially limits one or    more of the major life activities of such individual;

5

(2)    a record of such an impairment; or

(3)    being regarded as having such impairment.

38.    Upon information and belief TWC falls within the definition of "covered entity" under 29 C.F.R. 1630.2(b).

39.    Upon information and belief TWC falls within the definition of "employer" under 29 C.F.R. 1630.2(e).

40.    TWC's termination of Plaintiff is in violation of 29 C.F.R. 1630.4.

41.    Plaintiff's termination by TWC is in violation of 29 C.F.R. 1630.2(f)(1), as Plaintiff's mental and physical injuries substantially limited one or more of the major activities of her life.

42.    Plaintiff's termination by TWC is in violation of 29 C.F.R. 1630.2(f)(2), as Plaintiff's mental and physical injuries are well documented by her treating doctors.

43.    Plaintiff's termination by TWC is in violation of 29 C.F.R. 1630.2(f)(3), as Plaintiff received extensive treatment for her mental and physical injuries.

44.    Plaintiff's termination by TWC is in violation of 29 C.F.R. 1630.2(f)(3), as TWC has sufficient knowledge of Plaintiff's disability.

45.    Plaintiff's termination by TWC is in violation of 29 C.F.R. 1630.4(b), as she was discharged due to her disability.

46.    Plaintiff's termination by TWC is in violation of 29 C.F.R. 1630.4(b), as she was and is qualified to perform the essential functions of her job at TWC.

47.    Plaintiff's termination by TWC is in violation of 29 C.F.R. 1630.4(b), as she suffered adverse employment conditions while in the employment of TWC.

48.    Plaintiff's termination by TWC is in violation of 29 C.F.R. 1630.4(b), as upon information and belief, plaintiff was replaced by a non-disabled person.

6

49.    Plaintiff's termination by TWC is in violation of <u>29 C.F.R. 1630.4(d)</u>, as her job assignments were taken away as part of the harassment she endured due to her Iranian origin.

50.    Plaintiff's termination by TWC is in violation of <u>29 C.F.R. 1630.4(e)</u>, as she was discharged during and/or following her medical leave of absence.

51.    Plaintiff's termination by TWC is in violation of <u>29 C.F.R. 1630.4(g)</u>, as she was purposely excluded from professional meetings, conferences and other related activities as part of the harassment that she endured due to her Iranian origin.

52.    Plaintiff's termination by TWC is in violation of <u>29 C.F.R. 1630.4(h)</u>, as she was purposely excluded from activities sponsored by TWC, including social and recreational programs, as part of the harassment that she endured due to her Iranian origin.

53.    Plaintiff's termination by TWC is in violation of <u>29 C.F.R. 1630.4(i)</u>, as she was purposely excluded for certain privileges of employment extended to other TWC employees, as part of the harassment that she endured due to her Iranian origin.

54.    Based on the foregoing, TWC is liable for discriminating against Plaintiff in violation of the ADA, <u>29 C.F.R. 1630, *et seq.*</u>

### AS AND FOR A SECOND CAUSE OF ACTION

### (Title VII of the Civil Rights Act of 1964 - 42 U.S.C.A. § 2000e, *et seq.*)

55.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 54 hereof, as though fully set forth at length herein.

56.    TWC's wrongful termination of the Plaintiff is in violation of Title VII of the Civil Rights Act of 1964, <u>42 U.S.C.A. §2000-e</u>, *et seq.*, (hereinafter "the Act").

57.    42 U.S.C.A. §2000e-2(a), entitled "Unlawful employment practices," states that it shall be an unlawful employment practice for an employer - "

> (1)    to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> (2)    to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

58.    The term "employer," as defined under 42 U.S.C.A. §2000e-(b) means "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person …"

59.    The term "employee," as defined under 42 U.S.C.A. §2000e-(f) means "an individual employed by an employer …"

60.    Upon information and belief TWC falls within the definition of term "employer," as defined under 42 U.S.C.A. §2000e-(b).

61.    The Plaintiff falls in the definition of "employee" as defined under 42 U.S.C.A. §2000e-(f).

62.    Plaintiff's termination by TWC is in violation of 42 U.S.C.A. §2000e-2(a), as she suffered adverse employment conditions while in the employment of TWC.

63.    Plaintiff's termination by TWC is in violation of 42 U.S.C.A. §2000e-2(a), as her job assignments were taken away as part of the harassment she endured due to her Iranian origin.

8

64.    Plaintiff's termination by TWC is in violation of 42 U.S.C.A. §2000e-2(a), as she was purposely excluded from professional meetings, conferences and other related activities as part of the harassment that she endured due to her Iranian origin.

65.    Plaintiff's termination by TWC is in violation of 42 U.S.C.A. §2000e-2(a), as she was purposely excluded from activities sponsored by TWC, including social and recreational programs, as part of the harassment that she endured due to her Iranian origin.

66.    Plaintiff's termination by TWC is in violation of 42 U.S.C.A. §2000e-2(a), as she was purposely excluded for certain privileges of employment extended to other TWC employees, as part of the harassment that she endured due to her Iranian origin.

67.    Based on the foregoing, TWC is liable for discriminating against Plaintiff in violation of 42 U.S.C.A. §2000e-2(a).

## AS AND FOR A THIRD CAUSE OF ACTION

### (Equal Opportunity for Individuals with Disabilities - 42 U.S.C.A. §12101, *et seq.*)

68.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 67 hereof, as though fully set forth at length herein.

69.    TWC's wrongful termination of the Plaintiff is in violation of 42 U.S.C.A. §12112.

70.    42 U.S.C.A. § 12112 states as follows:

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

9

71.     The term he term "covered entity" is defined under <u>42 U.S.C.A. §12111(2)</u> as "an employer, employment agency, labor organization, or joint labor-management committee."

72.     The terms "employer" is defined under <u>42 U.S.C.A. §12111(5)</u> as a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person, except that, for two years following the effective date of this subchapter, an employer means a person engaged in an industry affecting commerce who has 25 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year, and any agent of such person.

73.     The term "employee," as defined under <u>42 U.S.C.A. §12111(4)</u>, means "an individual employed by an employer."

74.     Upon information and belief TWC falls within the definition of term "employer," as defined under <u>42 U.S.C.A. §12111(5)</u>.

75.     The Plaintiff falls in the definition of "employee" as defined under <u>42 U.S.C.A. §12111(4)</u>.

76.     Plaintiff's termination by TWC is in violation of <u>42 U.S.C.A. §12112</u>, as Plaintiff's mental and physical injuries are well documented by her treating doctors.

77.     Plaintiff's termination by TWC is in violation of <u>42 U.S.C.A. §12112</u> as Plaintiff received extensive treatment for her mental and physical injuries.

78.     Plaintiff's termination by TWC is in violation of <u>42 U.S.C.A. §12112</u>, as TWC has sufficient knowledge of Plaintiff's disability.

79.     Plaintiff's termination by TWC is in violation of <u>42 U.S.C.A. §12112</u>, as she was discharged due to her disability.

80.     Plaintiff's termination by TWC is in violation of <u>42 U.S.C.A. §12112</u>, as she was and is qualified to perform the essential functions of her job at TWC.

81.     Plaintiff's termination by TWC is in violation of <u>42 U.S.C.A. § 12112</u>, as she suffered adverse employment conditions while in the employment of TWC.

82.     Plaintiff's termination by TWC is in violation of <u>42 U.S.C.A. § 12112</u>, as upon information and belief, plaintiff was replaced by a non-disabled person.

83.     Plaintiff's termination by TWC is in violation of <u>42 U.S.C.A. § 12112</u>, as she was discharged during and/or following her medical leave of absence.

84.     Based on the foregoing, TWC is liable for discriminating against Plaintiff in violation of <u>42 U.S.C.A. §12101</u>, <u>et seq</u>.

## AS AND FOR A FOURTH CAUSE OF ACTION

### (Family and Medical Leave Act - 29 U.S.C.A. § 2601, et seq.)

85.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 84 hereof, as though fully set forth at length herein.

86.     TWC's wrongful termination of the Plaintiff is in violation of Family and Medical Leave Act, <u>29 U.S.C.A. § 2601</u>, <u>et seq</u>.

87.     <u>29 U.S.C.A. § 2614</u> states as follows:

(a) Restoration to position

(1) In general

Except as provided in subsection (b) of this section, any eligible employee who takes leave under <u>section 2612</u> of this title for the intended purpose of the leave shall be entitled, on return from such leave -

(A) to be restored by the employer to the position of employment held by the employee when the leave commenced; or

11

(B) to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment.

88.    29 U.S.C.A. § 2614(a)(1) states, in relevant part, as follows:

Subject to section 2613 of this title, an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for one or more of the following:

…

(D) Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee.

89.    The terms "eligible employee" is defined under 29 U.S.C.A. § 2611(2)(A) as "an employee who has been employed-- (i) for at least 12 months by the employer with respect to whom leave is requested under section 2612 of this title; and (ii) for at least 1,250 hours of service with such employer during the previous 12-month period.

90.    The term "employer," as defined under 29 U.S.C.A. § 2611(4), (i) means any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year; (ii) includes-- (I) any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer; and (II) any successor in interest of an employer …

91.    The term "employee," as defined under 29 U.S.C.A. § 203, means "any individual employed by an employer."

92.    The Plaintiff falls in the definition of "eligible employee" is defined under 29 U.S.C.A. § 2611(2)(A).

93.    The Plaintiff falls in the definition of "employer" is defined under 29 U.S.C.A. § 2611(4).

12

94.    TWC is an employee as defined under 29 U.S.C.A. §203.

95.    Plaintiff's termination by TWC is in violation of 29 U.S.C.A. § 2601, *et seq.*, as Plaintiff's mental and physical injuries substantially limited one or more of the major activities of her life.

96.    Plaintiff's termination by TWC is in violation of 29 U.S.C.A. § 2601, *et seq.*,  as Plaintiff was entitled to leave under the same due to her mental and physical injuries.

97.    Plaintiff's termination by TWC is in violation of 29 U.S.C.A. § 2601, *et seq.*, as Plaintiff's mental and physical injuries are well documented by her treating doctors.

98.    Plaintiff's termination by TWC is in violation of 29 U.S.C.A. § 2601, *et seq.*, as Plaintiff received extensive treatment for her mental and physical injuries.

99.    Plaintiff's termination by TWC is in violation of 29 U.S.C.A. § 2601, *et seq.*, as Plaintiff provided notice to TWC of her mental and physical injuries that required her to take a medical leave of absence.

100.    Plaintiff's termination by TWC is in violation of 29 U.S.C.A. § 2601, *et seq.*, as TWC failed to restore to the Plaintiff the position of employment that she held with the company when her medical leave commenced.

101.    Plaintiff's termination by TWC is in violation of 29 U.S.C.A. § 2601, *et seq.*, as she was not provided an equivalent position that she held with the company when her medical leave commenced, including benefits, pay, and other terms and conditions of employment.

102.    Plaintiff's termination by TWC is in violation of 29 U.S.C.A. § 2601, *et seq.*, as she was discharged upon her return from medical leave.

13

103.    Based on the foregoing, TWC's termination of Plaintiff is in violation of
29 U.S.C.A. § 2601, *et seq.*

### AS AND FOR A FIFTH CAUSE OF ACTION

### (Punitive and Compensatory Damages - 42 U.S.C.A. § 1981(a))

104.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1
through 103 hereof, as though fully set forth at length herein.

105.    Under 42 U.S.C.A. §1981(a) Plaintiff is entitled to punitive damages as
TWC "engaged in a discriminatory practice or discriminatory practices with malice or
with reckless indifference to the federally protected rights" of the Plaintiff.

106.    Under 42 U.S.C.A. §1981(a) Plaintiff is entitled to compensatory damages
as authorized under section 706(g) of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000e-
5(g)].

### AS AND FOR A SIXTH CAUSE OF ACTION

### (New York State Executive Law §296)

107.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1
through 106 hereof, as though fully set forth at length herein.

108.    New York State Executive Law §296(1)(a) provides as follows:

It shall be an unlawful discriminatory practice:

(a) For an employer or licensing agency, because of the
age, race, creed, color, national origin, sexual orientation,
military status, sex, disability, predisposing genetic
characteristics, or marital status of any individual, to refuse
to hire or employ or to bar or to discharge from
employment such individual or to discriminate against such
individual in compensation or in terms, conditions or
privileges of employment.

109.    The term "employer," as defined under Executive Law §292(5), "does not
include any employer with fewer than four persons in his employ."

14

110.    The term "national origin," as defined under <u>Executive Law §292(8)</u>, "shall, for the purposes of this article, include 'ancestry.'"

111.    The term "disability," as defined under <u>Executive Law §292(21)</u>, means as follows:

(a)    a physical, mental or medical impairment resulting from anatomical, physiological, genetic or neurological conditions which prevents the exercise of a normal bodily function or is demonstrable by medically accepted clinical or laboratory diagnostic techniques; or

(b)    a record of such an impairment; or

(c)    a condition regarded by others as such an impairment, provided, however, that in all provisions of this article dealing with employment, the term shall be limited to disabilities which, upon the provision of reasonable accommodations, do not prevent the complainant from performing in a reasonable manner the activities involved in the job or occupation sought or held.

112.    Upon information and belief TWC falls within the definition of term "employer," as defined under <u>Executive Law §292(5)</u>.

113.    TWC's termination of Plaintiff is in violation of Executive Law <u>§296(1)(a)</u>.

114.    Plaintiff's termination by TWC is in violation of Executive Law <u>§296(1)(a)</u>, as Plaintiff mental and physical injuries substantially limited one or more of the major activities of her life.

115.    Plaintiff's termination by TWC is in violation of Executive Law <u>§296(1)(a)</u>, as Plaintiff's mental and physical injuries are well documented by her treating doctors.

116.    Plaintiff's termination by TWC is in violation of Executive Law §296(1)(a) as Plaintiff received extensive treatment for her mental and physical injuries.

117.    Plaintiff's termination by TWC is in violation of Executive Law §296(1)(a), as TWC has sufficient knowledge of Plaintiff's disability.

118.    Plaintiff's termination by TWC is in violation of Executive Law §296(1)(a), as she was discharged due to her disability.

119.    Plaintiff's termination by TWC is in violation of Executive Law §296(1)(a), as she was and is qualified to perform the essential functions of her job at TWC.

120.    Plaintiff's termination by TWC is in violation of Executive Law §296(1)(a), as she suffered adverse employment conditions while in the employment of TWC.

121.    Plaintiff's termination by TWC is in violation of Executive Law §296(1)(a), as upon information and belief, plaintiff was replaced by a non-disabled person.

122.    Plaintiff's termination by TWC is in violation of Executive Law §296(1)(a), as her job assignments were taken away as part of the harassment she endured due to her Iranian origin.

123.    Plaintiff's termination by TWC is in violation of Executive Law §296(1)(a), as she was discharged following her leaves of absence and/or sick leave.

124.    Plaintiff's termination by TWC is in violation of Executive Law §296(1)(a), as she was purposely excluded from professional meetings, conferences and other related activities as part of the harassment that she endured due to her Iranian origin.

16

125.    Plaintiff's termination by TWC is in violation of Executive Law §296(1)(a), as she was purposely excluded from activities sponsored by TWC, including social and recreational programs, as part of the harassment that she endured due to her Iranian origin.

126.    Plaintiff's termination by TWC is in violation of Executive Law §296(1)(a), as she was purposely excluded for certain privileges of employment extended to other TWC employees, as part of the harassment that she endured due to her Iranian origin.

127.    Based on the foregoing, TWC is liable for discriminating against Plaintiff in violation of Executive Law §296(1)(a).

## AS AND FOR A SEVENTH CAUSE OF ACTION

### (N.Y. City Code §8-107)

128.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 127 hereof, as though fully set forth at length herein.

129.    TWC's wrongful termination of the Plaintiff is in violation of Title VII of N.Y. City Code §8-107, (hereinafter "NYCC §8-107").

130.    NYCC §8-107, entitled "Unlawful discriminatory practices," provides as follows:

It shall be an unlawful discriminatory practice:

(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

131.    TWC's termination of Plaintiff is in violation of NYCC §8-107.

17

132.    Plaintiff's termination by TWC is in violation of NYCC §8-107, as Plaintiff mental and physical injuries substantially limited one or more of the major activities of her life.

133.    Plaintiff's termination by TWC is in violation of NYCC §8-107, as Plaintiff's mental and physical injuries are well documented by her doctors.

134.    Plaintiff's termination by TWC is in violation of NYCC §8-107 as Plaintiff received extensive treatment for her mental and physical injuries

135.    Plaintiff's termination by TWC is in violation of NYCC §8-107, as TWC has sufficient knowledge of Plaintiff's disability.

136.    Plaintiff's termination by TWC is in violation of NYCC §8-107, as she was discharged due to her disability.

137.    Plaintiff's termination by TWC is in violation of NYCC §8-107, as she was and is qualified to perform the essential functions of her job at TWC.

138.    Plaintiff's termination by TWC is in violation of NYCC §8-107, as she suffered adverse employment conditions while in the employment of TWC.

139.    Plaintiff's termination by TWC is in violation of NYCC §8-107, as upon information and belief, plaintiff was replaced by a non-disabled person.

140.    Plaintiff's termination by TWC is in violation of NYCC §8-107, as her job assignments were taken away as part of the harassment she endured due to her Iranian origin.

141.    Plaintiff's termination by TWC is in violation of NYCC §8-107, as she was discharged following her leaves of absence and/or sick leave.

142.    Plaintiff's termination by TWC is in violation of NYCC §8-107, as she was purposely excluded from professional meetings, conferences and other related activities as part of the harassment that she endured due to her Iranian origin.

143.    Plaintiff's termination by TWC is in violation of NYCC §8-107, as she was purposely excluded from activities sponsored by TWC, including social and recreational programs, as part of the harassment that she endured due to her Iranian origin.

144.    Plaintiff's termination by TWC is in violation of NYCC §8-107, as she was purposely excluded for certain privileges of employment extended to other TWC employees, as part of the harassment that she endured due to her Iranian origin.

145.    Based on the foregoing, TWC is liable for discriminating against Plaintiff in violation of NYCC §8-107.

## AS AND FOR A EIGHT CAUSE OF ACTION

### (C.G.S.A. §46a-60)

146.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 145 hereof, as though fully set forth at length herein.

147.    TWC's wrongful termination of the Plaintiff is in violation of Connecticut General Statutues §46a-60, (hereinafter "CGS §46a-60").

148.    CGS §46a-60, entitled "Discriminatory employment practices prohibited," provides as follows:

> (a)    It shall be a discriminatory practice in violation of this section:
>
> (1)    For an employer, by the employer or the employer's agent, except in the case of a bona fide occupational qualification or need, to refuse to hire or employ or to bar or to discharge from employment any individual or to

discriminate against such individual in compensation or in terms, conditions or privileges of employment because of the individual's race, color, religious creed, age, sex, marital status, national origin, ancestry, present or past history of mental disability, mental retardation, learning disability or physical disability, including, but not limited to, blindness.

149.    TWC's termination of Plaintiff is in violation of CGS §46a-60.

150.    Plaintiff's termination by TWC is in violation of CGS §46a-60, as Plaintiff mental and physical injuries substantially limited one or more of the major activities of her life.

151.    Plaintiff's termination by TWC is in violation of CGS §46a-60, as Plaintiff's mental and physical injuries are well documented by her doctors.

152.    Plaintiff's termination by TWC is in violation of CGS §46a-60 as Plaintiff received extensive treatment for her mental and physical injuries.

153.    Plaintiff's termination by TWC is in violation of CGS §46a-60, as TWC has sufficient knowledge of Plaintiff's disability.

154.    Plaintiff's termination by TWC is in violation of CGS §46a-60, as she was discharged due to her disability.

155.    Plaintiff's termination by TWC is in violation of CGS §46a-60, as she was and is qualified to perform the essential functions of her job at TWC.

156.    Plaintiff's termination by TWC is in violation of CGS §46a-60, as she suffered adverse employment conditions while in the employment of TWC.

157.    Plaintiff's termination by TWC is in violation of CGS §46a-60, as upon information and belief, plaintiff was replaced by a non-disabled person.

158.   Plaintiff's termination by TWC is in violation of CGS §46a-60, as her job assignments were taken away as part of the harassment she endured due to her Iranian origin.

159.   Plaintiff's termination by TWC is in violation of CGS §46a-60, as she was discharged following her leaves of absence and/or sick leave.

160.   Plaintiff's termination by TWC is in violation of CGS §46a-60, as she was purposely excluded from professional meetings, conferences and other related activities as part of the harassment that she endured due to her Iranian origin.

161.   Plaintiff's termination by TWC is in violation of CGS §46a-60, as she was purposely excluded from activities sponsored by TWC, including social and recreational programs, as part of the harassment that she endured due to her Iranian origin.

162.   Plaintiff's termination by TWC is in violation of CGS §46a-60, as she was purposely excluded for certain privileges of employment extended to other TWC employees, as part of the harassment that she endured due to her Iranian origin.

163.   Based on the foregoing, TWC is liable for discriminating against Plaintiff in violation of CGS §46a-60.

## AS AND FOR AN NINTH CAUSE OF ACTION

### (Inentional and Negligent Inflicaiton of Emotional Distress)

164.   Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 163 hereof, as though fully set forth at length herein.

165.   TWC's wrongful termination of the Plaintiff is in violation of the aforementioned federal and state statutes.

166.   Plaintiff suffered adverse employment conditions while in the employment of TWC.

167.    Plaintiff's job assignments were taken away as part of the harassment she endured due to her Iranian origin.

168.    Plaintiff was purposely excluded from professional meetings, conferences and other related activities as part of the harassment that she endured due to her Iranian origin.

169.    Plaintiff was purposely excluded from activities sponsored by TWC, including social and recreational programs, as part of the harassment that she endured due to her Iranian origin.

170.    Plaintiff was purposely excluded for certain privileges of employment extended to other TWC employees, as part of the harassment that she endured due to her Iranian origin.

171.    TWC's intentional and/or negligent acts, as described above, inflicted shock, trauma, mental anguish and emotional distress upon the Plaintiff.

172.    Based on the foregoing, the Plaintiff seeks damages for the shock, trauma, mental anguish and emotional distress caused by TWC's negligent and intentional acts while the Plaintiff was in the employ of the company.

[INTENTIONALLY OMITTED]

WHEREFORE, Plaintiff ZOHREH STARR a/k/a ZOE STARR respectfully demands that Judgment be entered in her favor for monetary, compensatory damages and punitive damages against Defendants TIME WARNER, INC. and TIME WARNER CABLE, INC., plus awarding Plaintiff attorneys' fees, costs, expenses, disbursements, interest and such other and further relief as to this Court may deem just and proper.

Dated: New York, New York
      June 14, 2007

Yours, etc.,
SYLVOR & RICHMAN, LLP

By:

BORIS SORIN, ESQ. (BS-9689)
Attorneys for Plaintiff
605 Third Avenue – 15th Floor
New York, N.Y. 10158
(212) 972-1100