UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| ZOHREH STARR a/k/a ZOE STARR, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| - against - | : | CV 07-5871 (DC) |
| | : | |
| TIME WARNER INC. and TIME WARNER CABLE INC., | : | |
| | : | |
| Defendant(s). | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' FED. R. CIV. P. 12(b)(1) AND 12(b)(6) MOTION TO DISMISS THE COMPLAINT


Dated: New York, New York
         August 6, 2007


*Of Counsel*:

        Richard Reice (RR-8874)
        Anjanette Cabrera (AC-3922)


SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500

Attorneys for Defendants
Time Warner, Inc. and Time Warner Cable, Inc.

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................... 2

STATEMENT OF FACTS ................................................................................................. 3

ARGUMENT ..................................................................................................................... 5

I.  MOTION TO DISMISS STANDARD .................................................................... 4

II.  TIME WARNER, INC. IS AN IMPROPER PARTY ............................................. 6

III.  PLAINTIFF'S TITLE VII, ADA AND FMLA CLAIMS MUST BE DISMISSED
    BECAUSE THEY ARE TIME-BARRED ............................................................... 7

    A.  Plaintiff's Claims Under Title VII And The ADA Must Be Dismissed As Time
        Barred Because Plaintiff Did Not File An Administrative Charge Within 300
        Days Of Learning Of Her Termination ............................................................ 7

    B.  Plaintiff's Claim Under The FMLA Must Be Dismissed Because Plaintiff
        Did Not Institute The Instant Suit Within Two Years Of Learning
        Of Her Termination .......................................................................................... 8

IV.  NEW YORK LAW IS INAPPLICABLE ................................................................. 9

    A.  Choice-of-Law Analysis ................................................................................... 9

    B.  Plaintiff Never Worked in New York ............................................................. 11

V.  PLAINTIFF'S CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT CLAIM
    IS TIME-BARRED ................................................................................................ 14

VI.  PLAINTIFF'S CAUSE OF ACTION FOR INTENTIONAL AND NEGLIGENT
    INFLICTION OF EMOTIONAL DISTRESS MUST BE DISMISSED .................. 15

    A.  Plaintiff's Claims For Intentional and Negligent Infliction of Emotional
        Distress Must Be Dismissed Under Connecticut Law Because Plaintiff
        Has Not Identified Any Conduct Occurring At Her Termination ................... 15

    B.  Plaintiff's Claims For Intentional And Negligent Infliction of Emotional
        Distress Must Be Dismissed Under Both Connecticut and New York Law
        Because Plaintiff Has Not Alleged Sufficiently Actionable Conduct ............. 16

i

1.      Plaintiff Cannot Establish A Claim For Negligent Infliction of Emotional Distress Because Plaintiff Cannot Allege Any Unreasonable Conduct ..............................................................................17

2.      Plaintiff Cannot Establish A Claim For Intentional Infliction of Emotional Distress Because Plaintiff Cannot Allege Any Extreme And Outrageous Conduct..........................................................................18

CONCLUSION...........................................................................................................21

NY1 26476324.4

# TABLE OF AUTHORITIES

## CASES

164 Mulberry Street Corp. v. Columbia Univ.,
    4 A.D.3d 49, 771 N.Y.S.2d 16 (1st Dep't 2004)..........................................................17, 18

Absher v. Flexi Intern. Software, Inc.,
    No. 3:02CV171 (AHN), 2003 WL 2002778 (D. Conn. 2003) ......................................16

Allen v. Egan,
    303 F. Supp. 2d 71 (D. Conn. 2004)....................................................................16, 17, 18

Appleton v. Board of Educ.,
    254 Conn. 205, 757 A.2d 1059 (2000) .............................................................................18, 19

Bank of America Nat'l Trust & Sav. Ass'n v. Envases Venezolanos, S.A.,
    740 F. Supp. 260 (S.D.N.Y.).................................................................................................9

Barrett v. Danbury Hosp.,
    232 Conn. 242, 654 A.2d 748 (1995) ...............................................................................17

Bell Atlantic Corp. v. Twombly,
    127 S. Ct. 1955 (2007)............................................................................................................4

Brasseur v. Speranza,
    21 A.D.3d 297, 800 N.Y.S.2d 669 (1st Dep't 2005)..........................................................15

Brink's Ltd. v. South African Airways,
    93 F.3d 1022 (2d Cir. 1996)...............................................................................................10

Casper v. Lew Lieberbaum & Co., Inc.,
    No. 97 Civ. 3016 (JGK), 1998 WL 150993 (S.D.N.Y. Mar. 31, 1998) ...............11, 12, 14

Cook v. Arrowsmith Shelburne, Inc.,
    69 F.3d 1235 (2d Cir. 1995).................................................................................................6

Cortec Indus., Inc. v. Sum Holding L.P.,
    949 F.2d 42 (2d Cir. 1991)....................................................................................................5

Da Silva v. Kinsho Int'l Corp.,
    210 F. Supp. 2d 241 (S.D.N.Y.)............................................................................................6

Delaware State Coll. v. Ricks,
    449 U.S. 250 (1980)...............................................................................................................7

Dillon v. City of New York,
        261 A.D.2d 34, 704 N.Y.S.2d 1 (1st Dep't 1999) ......................................................17, 18

Dollard v. Bd. of Educ.,
        63 Conn. App. 550, 777 A.2d 714 (2001) ..................................................................18, 19

Duffy v. Drake Beam Morin,
        No. 96 Civ. 5606 (MBM), 1998 WL 252063 (S.D.N.Y. May 19, 1998) ..............11, 12, 13

Elliott Assocs., L.P. v. Hayes,
        141 F. Supp. 2d 344 (S.D.N.Y. 2000) .................................................................................5

Evarts v. Southern New England Tel. Co.,
        No. 00 Civ. 1124 (WIG), 2006 WL 2864716 (D. Conn. Oct. 2, 2006) ............................14

Ferrandino v. Alvin J. Bart & Sons,
        247 A.D.2d 428, 668 N.Y.S.2d 99 (2d Dep't 1998) .........................................................19

Germano v. Cornell Univ.,
        No. 03 Civ. 9766 (DAB), 2005 WL 2030355 (S.D.N.Y. Aug. 17, 2005) ........................13

Green v. Harris Publ'ns, Inc.,
        331 F. Supp. 2d 180 (S.D.N.Y. 2004) ..............................................................................19

Hansen v. Petrone,
        124 A.D.2d 782, 508 N.Y.S.2d 500 (2d Dep't 1986) .......................................................15

Harris v. City of New York,
        186 F.3d 243 (2d Cir. 1999) ................................................................................................7

I. Meyer Pincus & Assoc., P.C. v. Oppenheimer & Co.,
        936 F.2d 759 (2d Cir. 1991) ................................................................................................5

John v. New York City Dep't of Educ.,
        No. 04 Civ. 5861 (NRB), 2006 WL 2482622 (S.D.N.Y. Aug. 29, 2006) .......................7, 8

Khan v. Reade,
        7 A.D.3d 311, 776 N.Y.S.2d 281 (1st Dep't 2004) ..........................................................18

Klaxon Co. v. Stentor Electric Mfg. Co.,
        313 U.S. 487 (1941) .............................................................................................................9

Lazard Freres & Co. v. Protective Life Ins. Co.,
        108 F.3d 1531 (2d Cir. 1997) ..............................................................................................9

Legnani v. Alitalia Linee Aeree Italiane, S.P.A.,
    274 F.3d 683 (2d Cir. 2001)........................................................................7

Lightfoot v. Union Carbide Corp.,
    No. 92 Civ. 6411 (RPP), 1994 WL 184670 (S.D.N.Y. May 12, 1994)................12, 13, 14

Lucas v. Pathfinder's Personnel, Inc.,
    No. 01 Civ. 2252 (BSJ), 2002 WL 986641 (S.D.N.Y. May 13, 2002) ............................13

Matusovsky v. Merrill Lynch,
    186 F. Supp. 2d 397 (S.D.N.Y. 2002)..............................................................5

Miner v. Town of Cheshire,
    126 F. Supp. 2d 184 (D. Conn. 2000)..............................................................19

Murphy v. American Home Prods. Corp.,
    58 N.Y.2d 293, 461 N.Y.S.2d 232 (1983) ........................................................18

Murray v. Miner,
    876 F. Supp. 512 (S.D.N.Y. 1995)..................................................................6

Naturman v. Crain Comm., Inc.,
    216 A.D.2d 150, 628 N.Y.S.2d 281 (1st Dep't 1995) ........................................17

Newman & Schwartz v. Asplundh Tree Expert Co.,
    102 F.3d 660 (2d Cir. 1996)..........................................................................5

Pancotti v. Boehringer Ingelheim Pharms., Inc.,
    No. 06 Civ. 1674 (PCD), 2007 U.S. Dist. LEXIS 51464 (D. Conn. July 14, 2007) ..........5

Papasan v. Allain,
    478 U.S. 265 (1986)..................................................................................4

Perodeau v. City of Hartford,
    259 Conn. 729 (2002) ............................................................................16, 17

Peters v. Citibank, N.A.,
    253 A.D.2d 803, 677 N.Y.S.2d 626 (2d Dep't 1998)..........................................15

Peters v. Sikorsky Aircraft Corp.,
    No. 04 Civ. 1066 (PCD), 2006 WL 2331077 (D. Conn. Aug. 10, 2006) ........................14

Porter v. New York Univ. School of Law,
    No. 99 Civ. 4693 (TPG), 2003 WL 22004841 (S.D.N.Y. Aug. 25, 2003) (Tab 3) ............8

Ramirez v. New York City Bd. of Educ.,
    481  F. Supp. 2d 209 (E.D.N.Y. 2007) ...........................................................................8

Riddle v. Liz Claiborne, Inc.,
    Nos. 00 Civ. 1374 & 03 Civ. 8798  2006 WL 3057289 (S.D.N.Y. Oct. 27, 2006) ...........9

Ridgway v. Metropolitan Museum of Art,
    No. 06 Civ. 5055 (SAS), 2007 WL 1098737 (S.D.N.Y. Apr. 10, 2007).........................8, 9

Rothman v. Gregor,
    220 F.3d 81 (2d Cir. 2000)..........................................................................................4, 5

Santos v. Costco Wholesale, Inc.,
    271 F. Supp. 2d 565 (S.D.N.Y. 2003).......................................................................11, 13

Shah v. Wilco Sys., Inc.,
    27 A.D.3d 169, 806 N.Y.S.2d 553 (1st Dep't 2005)...........................................................12

Shannon v. City of Philadelphia,
    No. 98-5277, 1999 U.S. Dist. LEXIS (E.D. Pa. Mar. 5, 1999)............................................9

Shockley v. Vermont State Colls.,
    793 F.2d 478 (2d Cir. 1986)............................................................................................7

Stein v. 92nd St. YM-YWHA, Inc.,
    273 A.D.2d 181, 710 N.Y.S.2d 68 (1st Dep't 2000).........................................................19

Torrico v. IBM,
    213 F. Supp. 2d 390 (S.D.N.Y. 2002)..............................................................................10

Totalplan Corp. of Am., Colborne,
    14 F.3d 824 (2d Cir. 1994)..............................................................................................9

Vollemans v. Town of Wallingford,
    No. 04 Civ . 286331, 2006 WL 224435 (Conn. Super. Ct. Jan. 10, 2006).......................14

Wahlstrom v. Metro-North Commuter R.R.,
    89 F. Supp. 2d 506 (S.D.N.Y. 2000)...............................................................................11

Walsh v. Walgreen Eastern Co., Inc.,
    No. 03 Civ. 1609 (WWE), 2004 WL 722226 (D. Conn. Mar. 25, 2004) (Tab 15) ... *passim*

Whitaker v. Haynes Constr. Co.,
    167 F. Supp. 2d 251 (D. Conn. 2001)..............................................................................16

<u>Young v. GSL Enters.</u>,
    237 A.D.2d 119, 654 N.Y.S.2d 24 (1st Dep't 1997)........................................................17

<u>Zerilli-Edelglass v. New York City Transit Auth.</u>,
    333 F.3d 74 (2d Cir. 2003)........................................................4, 7

## STATUTES & RULES

42 U.S.C. § 12117 (ADA) ........................................................7

42 U.S.C. § 2000e- <u>et</u> <u>seq</u> ........................................................4, 7

29 U.S.C. § 2617(c)(2)........................................................8

Conn. Gen. Stat. § 46a-82(e) ........................................................14

Conn. Gen. Stat. § 46a-100 ........................................................14

New York City Administrative Code § 8-107 ........................................................2

N.Y. C.P.L.R. 215(3) (McKinney 2003) ........................................................15

This memorandum of law is respectfully submitted on behalf of defendants Time Warner, Inc. ("Time Warner") and Time Warner Cable, Inc. ("Time Warner Cable")[1] in support of its motion to dismiss the Complaint of plaintiff Zohreh Starr a/k/a Zoe Starr ("Plaintiff" or "Starr") for failure to state a cause of action, pursuant to Fed. R. Civ. P. 12(b)(6) and because the documentary evidence raised by Starr's complaint precludes such a claim.

## PRELIMINARY STATEMENT

As a threshold matter, dismissal of the Complaint is warranted because Starr failed to file a charge of discrimination within the applicable statute of limitations, as required under both the state and federal laws she seeks relief under.  This is not a dispute over a few days, weeks, or even months – Starr missed the filing, by a minimum of *350 days*.  Specifically, Starr was required to file a charge with the U.S. Equal Employment Opportunity Commission within 300 days of the last discriminatory act she was alleged to have suffered, for her federal claim, and within 180 days for her Connecticut state law claim. However, Starr filed her charge more than 650 days after she was terminated – which is the last discriminatory act she has claimed to have suffered at the hands of Time Warner Cable.

Starr attempts remedy this fatal flaw by attaching a date within the 300 day requirement, as the date of her termination. Which she cannot do because the original termination letter speaks for itself.  In a misguided effort to salvage her untimely claims Starr represents that a letter dated April 7, 2006, was her notice of termination when in fact, that letter was merely the last of a string of correspondence that began with her termination letter on January 11, 2005.

---

[1] Starr was employed by Time Warner Cable.  Time Warner, Inc. is the corporate parent of Time Warner Cable, but has no control over the day to day management of Time Warner Cable and no involvement in its day to day labor relations.  In addition to the reasons set out below, Time Warner should be dismissed as a defendant in this lawsuit because it was never Starr's employer.

1

Starr has also missed the mark on what state governs her employment relationship with Time Warner Cable.  Although Starr was hired, worked, and was terminated by Time Warner Cable in Stamford, Connecticut, she has brought claims under New York State Executive Law § 296 (the "New York State Human Rights Law" or "NYSHRL") and New York City Administrative Code § 8-107 (the "New York City Human Rights Law" or "NYCHRL"). However, a choice of law analysis unequivocally reveals that Connecticut State law governs Starr's employment relationship with Time Warner Cable, and must be applied to her claims.  In any event, Starr's claims under the New York State Human Rights Law and the New York City Human Rights Law cannot survive because she never worked for Time Warner Cable in New York.  In fact, Time Warner Cable moved its chief corporate offices from Stamford, Connecticut to New York City more then two years after Starr was terminated.  Consequently, because the New York State and New York City Human Rights Laws only apply to acts occurring within the boundaries of New York State and City, Starr's claims under the both must be dismissed.

Finally, Starr's "kitchen sink" claims of emotional distress must be dismissed because the intentional infliction claim is barred by the applicable one-year statute of limitations, and because the Complaint fails to allege any facts even approaching the "outrageous" and "atrocious" conduct necessary to sustain such a claim.

## STATEMENT OF FACTS[2]

Starr began her employment with Time Warner Cable as a Marketing and Digital Product Manager on September 8, 2003 in Stamford, Connecticut.  (Complaint ¶ 10.)  In August of 2004, Starr took a leave of absence under the Connecticut Family Medical Leave Law.  (Complaint ¶

---

[2]  Copies of all exhibits cited herein are annexed to the accompanying Declaration of Richard Reice, dated August 6, 2007 ("Reice Decl. Exh.")

19.)[3]  On or about January 10, 2005, and in response to Time Warner Cable's inquiry about her return to work, Starr notified Time Warner Cable that she remained unable to return to her position and wanted to know if her position would be held until April 2005.  (Reice Decl. Exh. D.)  Time Warner Cable immediately replied to Starr's letter on January 11, 2005, and advised her that her position would no longer be held for her, but invited Starr to apply to any open positions once she was well enough to resume working.  (Reice Decl. Exh. E.)

On or about January 27, 2006, more than a year after she was terminated, Starr contacted Time Warner Cable and indicated that she would be able to return to her former position in March of 2006.  (Reice Decl. Exh. F.)  Starr sent two additional letters expressing the same sentiment on February 24, 2006 and March 29, 2006.  (Id.)  Time Warner Cable responded to Starr's letters on April 7, 2006, and reiterated that her position was no longer available. (Reice Decl. Exh. G.)

Starr filed a complaint with the U.S. Equal Employment Opportunity Commission ("EEOC") on November 24, 2006, ("the Charge") alleging Time Warner Cable discriminated against her during her employment by reducing her responsibilities, defaming her reputation and excluding her from communications because of her Iranian descent. (Complaint ¶ 29; Reice Decl. Exh. B.)  Starr's Charge further alleged that this treatment caused her to fall ill and she was forced to take a medical leave of absence.  (Reice Decl. Exh. B.)  Starr claimed that once she notified Time Warner Cable that she was ready to return to work, she was terminated. (Id.)  On March 27, 2007 the EEOC dismissed Starr's Charge as untimely.  (Complaint ¶ 30; Reice Decl. Exh. C.)

---

[3] Starr was not statutorily entitled to a medical leave because she had not completed one year of employment with Time Warner Cable.

On or about June 21, 2007, Starr, filed a nine count Complaint in U.S. District Court for the Southern District of New York, alleging she was discriminated against during her employment with Time Warner Cable because of her Iranian descent and disabilities in violation of: Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"); Americans with Disabilities Act ("ADA"); the Family and Medical Leave Act ("FMLA"); New York State Human Rights Law; New York City Human Rights Law; the Connecticut Fair Employment Practices Act § 46a-100 ("CFEPA"); and Intentional and Negligent Infliction of Emotional Distress.[4]  In addition to the conduct described in the Charge, Starr alleges she was terminated because of her Iranian descent, and her mental and physical disabilities. (Complaint ¶¶ 12-18, 33, 36, 86, 95, 98.)

## ARGUMENT

## I.     MOTION TO DISMISS STANDARD

A complaint is properly dismissed for failure to state a claim upon which relief may be granted where the plaintiff fails "to provide 'grounds' of his 'entitlement to relief' which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to raise a right to relief above the speculative level." (Id.)  Dismissal is appropriate where, as here, Starr's claim is time-barred under the applicable statute of limitations.  See Zerilli-Edelglass v. New York City Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003).

In determining the sufficiency of Starr's claims, this Court may consider documents referred to in the Complaint, but not attached thereto.  Rothman v. Gregor, 220 F.3d 81, 88-89

---

[4] Starr does not allege under what state she makes this claim, so we address the cause of action under both New York and Connecticut law.

(2d Cir. 2000). The court may also consider documents that, while not explicitly incorporated into the Complaint, Plaintiff either possessed or *knew about and upon which she relied in bringing suit*. Id. (citing Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991)) (documents outside of pleadings can be considered on a motion to dismiss if "there was undisputed notice to plaintiffs of [the documents'] contents" and the documents are "integral to plaintiffs' claim"); Newman & Schwartz v. Asplundh Tree Expert Co., 102 F.3d 660, 662 (2d Cir. 1996) (the court can consider documents incorporated to the complaint by reference); Elliott Assocs., L.P. v. Hayes, 141 F. Supp. 2d 344, 352 (S.D.N.Y. 2000), aff'd, 26 Fed. Appx. 83 (2d Cir. 2002); Pancotti v. Boehringer Ingelheim Pharms., Inc., No. 06 Civ. 1674 (PCD), 2007 U.S. Dist. LEXIS 51464, at *8 (D. Conn. July 14, 2007) (Tab 1)[5]. A court may also consider documents explicitly referenced in the pleading and if the plaintiff's allegations are contradicted by such documents, those allegations are insufficient to withstand a motion to dismiss. Matusovsky v. Merrill Lynch, 186 F. Supp. 2d 397, 400 (S.D.N.Y. 2002). In addition, when a plaintiff "fails to introduce a pertinent document as part of his pleading, [a] defendant may introduce the exhibit as part of his motion attacking the pleading." I. Meyer Pincus & Assoc., P.C. v. Oppenheimer & Co., 936 F.2d 759, 762 (2d Cir. 1991).

Time Warner Cable has attached the string of correspondence between Starr and Time Warner Cable that preceded the April 7, 2006 letter that Starr refers to in the Complaint, as her notification of termination. (Complaint ¶ 28.) The series of correspondence is integral to determining the validity of Starr's claims of discrimination because they provide the back drop to her termination, and more importantly establish that she was notified of her termination on January 11, 2005. Clearly Starr cannot dispute that she possessed these letters since they are

---

[5] Copies of unreported cases cited herein are attached hereto at Tabs 1 through 16.

5

between her and Time Warner Cable. As detailed below, these documents conclusively show that Starr failed to file a timely charge of discrimination with the EEOC, and Starr's Complaint should be dismissed as time-barred pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).

## II.    TIME WARNER, INC. IS AN IMPROPER PARTY

The Second Circuit applies a "four-factor" analysis used by Courts of Appeals to resolve questions of parent-subsidiary liability. See Cook v. Arrowsmith Shelburne, Inc., 69 F.3d 1235, 1240 (2d Cir. 1995). "[A] parent and subsidiary cannot be found to represent a single, integrated enterprise in the absence of evidence of (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." In the context of employment discrimination cases the focus is on the second factor, centralized control of labor relations. Id. As a threshold matter, Starr has failed to plead any facts that Time Warner was ever involved in any aspect of her employment or termination. "The Court must focus its inquiry on the parent's actual involvement in the particular circumstances giving rise to the litigation." Da Silva v. Kinsho Int'l Corp., 210 F. Supp. 2d 241, 244 (S.D.N.Y.), aff'd, 229 F.3d 358 (2d Cir. 2000). In fact, Starr's Complaint attributes all of the discriminatory conduct bestowed upon her to Time Warner Cable.

The Complaint must not only allege the relationship between the defendants, it must also allege the relationship between each defendant and the plaintiff, that gave rise to the alleged wrong. Murray v. Miner, 876 F. Supp. 512, 515 (S.D.N.Y. 1995), aff'd, 74 F.3d 402 (2d Cir. 1996). On its face the Complaint fails to allege any of the above-referenced factors, because Starr only worked for Time Warner Cable and not Time Warner, and as a result, all claims against Time Warner must be dismissed, because it is not a proper litigant in this matter.

### III.    PLAINTIFF'S TITLE VII, ADA AND FMLA CLAIMS MUST BE DISMISSED BECAUSE THEY ARE TIME-BARRED

Dismissal of a complaint is entirely appropriate where a plaintiff's claims are time-barred under the applicable statute of limitations.  See Zerilli-Edelglass, 333 F.3d at 80.  Here, Starr's claims under the ADA, Title VII, and the FMLA are time-barred based upon the respective statute of limitations found within each statute.

#### A.    Plaintiff's Claims Under Title VII And The ADA Must Be Dismissed As Time Barred Because Plaintiff Did Not File An Administrative Charge Within 300 Days Of Learning Of Her Termination

Starr's claims under the ADA and Title VII are time-barred because she failed to file a timely administrative complaint with the EEOC, a mandatory prerequisite to filing suit under Title VII or the ADA.  See 42 U.S.C. § 2000e-5(e) (Title VII); 42 U.S.C. § 12117 (ADA); see also Legnani v. Alitalia Linee Aeree Italiane, S.P.A., 274 F.3d 683, 686 (2d Cir. 2001).  In discriminatory discharge cases, a complaint must be filed within 300 days of the date upon which a putative plaintiff learns of the decision to terminate her employment.[6]  See 42 U.S.C. § 2000e-5(e)(1); Delaware State Coll. v. Ricks, 449 U.S. 250 (1980); Harris v. City of New York, 186 F.3d 243, 247 (2d Cir. 1999) (holding ADA statute of limitations to begin running once plaintiff "[knows] or ha[s] reason to know of the injury serving as the basis" of her claim); Shockley v. Vermont State Colls., 793 F.2d 478 (2d Cir. 1986); John v. New York City Dep't of Educ., No. 04 Civ. 5861 (NRB), 2006 WL 2482622, at *5 (S.D.N.Y. Aug. 29, 2006) (dismissing plaintiff's

---

[6]    While a an aggrieved party must usually submit a charge to the EEOC within 180 days in order to be timely, a 300 day filing period is authorized where the aggrieved party initially institutes proceedings with a state or local agency capable of remedying the alleged unlawful employment practice.  See 42 U.S.C. § 2000e-5(e)(1).  In the instant matter, it is unclear whether Plaintiff first initiated proceedings with the New York State Division of Human Rights; accordingly, we address the un-timeliness of her claims under the more generous 300-day filing period.

Title VII and ADA claims for untimeliness and finding 300-day period to begin running upon receipt of termination letter) (Tab 2).

Here, the 300-day window for Starr to file her charge began on January 11, 2005, when Time Warner Cable first notified her of the decision to terminate her employment not on April 7, 2006 as Starr would mislead this Court to believe.  On its face the Complaint reads that April 7, 2006 as the date of Starr's termination, however the attached correspondence establishes that date was the last of a series of letters which began on January 10, 2005.  (Reice Decl. Exh. D.) Starr did not file a charge with the EEOC until November 24, 2006, nearly 680 days after her termination, even though the January 11, 2005 explicitly stated that she no longer had a position with Time Warner Cable. (Reice Decl. Exh. B & E.) Accordingly, because Starr did not file her administrative charge until well after the statute of limitations expired, this Court must dismiss her untimely claims under Title VII and the ADA.  See John, 2006 WL 2482622, at *5.

**B.    Plaintiff's Claim Under The FMLA Must Be Dismissed Because Plaintiff Did Not Institute The Instant Suit Within Two Years Of Learning Of Her Termination**

Starr's claim under the FMLA is also time-barred because she failed to institute this lawsuit prior to the expiration of the applicable two-year statute of limitations.[7]  29 U.S.C. § 2617(c)(1); see Ridgway v. Metropolitan Museum of Art, No. 06 Civ. 5055 (SAS), 2007 WL 1098737 at *4 (S.D.N.Y. Apr. 10, 2007) (Tab 4).  Under the FMLA, the two-year statute of limitations begins to run on the date a plaintiff is notified of the employment action allegedly serving as the predicate for her FMLA claim.  See Ramirez v. New York City Bd. of Educ., 481

---

[7]    The FMLA also authorizes a three-year statute of limitations in the event the Plaintiff alleges, and the facts support, characterization of the alleged violation as "willful."  29 U.S.C. § 2617(c)(2).  Here, Plaintiff's complaint does not set forth any allegation of willfulness and thus, the two year statute of limitation applies.  (Compl. ¶¶ 85-103); Porter v. New York Univ. School of Law, No. 99 Civ. 4693 (TPG), 2003 WL 22004841, at *8 (S.D.N.Y. Aug. 25, 2003) (Tab 3), aff'd, 392 F.3d 530 (2d Cir. 2004).

F. Supp. 2d 209, 222 (E.D.N.Y. 2007); Riddle v. Liz Claiborne, Inc., Nos. 00 Civ. 1374 & 03 Civ. 8798 (SAS), 2006 WL 3057289, at *9 (S.D.N.Y. Oct. 27, 2006) (Tab 5).

As fully discussed in Point II. B., supra Starr received notification of her termination on January 11, 2005 and neglected to institute the instant action until June 21, 2007-- more than 5 months after the two-year statute of limitations expired. (Reice Decl. Exh. A & D.)[8] Accordingly, since Starr failed to file suit within the FMLA's two-year statute of limitation period, Starr's FMLA claim must be dismissed. See Ridgway, 2007 WL 1098737; Riddle, 2006 WL 3057280, at *9.

## IV.    NEW YORK LAW IS INAPPLICABLE

### A.    Choice-of-Law Analysis

When the court's jurisdiction in an action is based on both diversity and federal question, any conflict of law issues must be resolved according to the rules of the forum state, which in the instant matter is New York. Totalplan Corp. of Am., Colborne, 14 F.3d 824, 832 (2d Cir. 1994) (citing Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487 (1941)). New York requires that the "law of the jurisdiction with the 'most significant contacts' is to be applied." Bank of America Nat'l Trust & Sav. Ass'n v. Envases Venezolanos, S.A., 740 F. Supp. 260, 264 (S.D.N.Y.), aff'd, 923 F.2d 843 (2d Cir. 1990) (table). To make this determination New York courts apply the "center of gravity" test to ascertain what state law governs the action. Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1539 (2d Cir. 1997) (to determine the "center of gravity" courts must "consider a spectrum of significant contacts, including the place

---

[8]    The statute of limitations under the FMLA is not tolled by the filing, or during the pendency, of a charge of discrimination with an administrative agency such as the EEOC because there is no statutory requirement that administrative remedies be exhausted prior to filing a civil FMLA action. See Shannon v. City of Philadelphia, No. 98-5277, 1999 U.S. Dist. LEXIS, at *12 (E.D. Pa. Mar. 5, 1999) (Tab 6).

of contracting, the places of negotiation and performance, the location of the subject matter, and the domicile or place of business of the contracting parties"); Brink's Ltd. v. South African Airways, 93 F.3d 1022, 1030-31 (2d Cir. 1996).

When the "center of gravity" test is applied to the employment relationship the court looks to the totality of the circumstances, by evaluating following factors: (1) where the employment relationship was created and the terms of employment were negotiated; (2) the intent of the parties concerning the place of employment; (3) the actual or contemplated duties, benefits, and reporting relationships for the position at issue; (4) the particular locations in which the plaintiff performed those employment duties and received those benefits; (5) the relative duration of the employee's assignments in the various locations; (6) the parties' domiciles; and (7) the location where the employment action at issue took place. Torrico v. IBM, 213 F. Supp. 2d 390, 404 (S.D.N.Y. 2002).

The application of these factors to the instant matter yields the following results: the relationship and terms of Starr's employment were negotiated in Connecticut; she was employed in Connecticut; the duties, benefits and reporting relationships were contemplated in Connecticut; Starr performed her duties and received her benefits in Connecticut;  Starr worked out of Time Warner Cable's chief corporate headquarters in Connecticut; she is currently domiciled in California and was terminated in Connecticut.  (Complaint ¶ 10.)  The only connection to New York is that Starr was a resident during her employment.  (Complaint ¶ 3.) Time Warner Cable did not establish a corporate headquarters in New York City until April of 2007, more than two years after Starr's termination.  Therefore, since Connecticut is the response to all factors, with the exception of Starr's domicile, the totality of the circumstances deems that the law of Connecticut governs this action.

10

The Court need not address the next step in the "choice of law" analysis and determine if the application of Connecticut law would result in a violation of New York's public policy. Starr's state law claims do not require comparison because her claims are barred under both states laws. For reasons more fully discussed below, Starr's CFEPA claim suffers the same fate as her federal claims because it is barred by the applicable statute of limitations, and she is not entitled to relief under the New York State and City claims she has filed.

**B.    Plaintiff Never Worked in New York**

In the event that the Court should apply New York law, Starr's New York City Human Rights Law and New York State Human Rights Law claims are barred because she was never employed in New York City. It is well settled that the applicability of the New York City Human Rights Law is limited to acts occurring within the boundaries of New York City. See Duffy v. Drake Beam Morin, No. 96 Civ. 5606 (MBM), 1998 WL 252063, at *11 (S.D.N.Y. May 19, 1998) ("[B]oth New York State law and the New York City Administrative Code limit the applicability of the City Human Rights Law to acts occurring within the boundaries of New York City.") (Tab 7); Santos v. Costco Wholesale, Inc., 271 F. Supp. 2d 565, 571 (S.D.N.Y. 2003) (same); Casper v. Lew Lieberbaum & Co., Inc., No. 97 Civ. 3016 (JGK), 1998 WL 150993, at *4 (S.D.N.Y. Mar. 31, 1998) ("[P]laintiffs must allege that the defendants intentionally discriminated against them within New York City for their claims to fall within the jurisdiction of the [New York City] Administrative Code.") (Tab 8); Wahlstrom v. Metro-North Commuter R.R., 89 F. Supp. 2d 506, 527-528 (S.D.N.Y. 2000) (refusing to apply the NYCHRL to an employee's claim for sexual harassment based on hostile work environment because the complained-of incidents took place outside of New York City).

Starr, as well as her supervisors identified in the Complaint, worked at Time Warner Cable's offices located in Connecticut. See Santos, 271 F. Supp. 2d at 571 (dismissing New

York City Human Rights Law claims where Plaintiff did not allege that that his employer discriminated against him in New York City, where it was undisputed that, at all relevant times, plaintiff worked at Costco warehouses in counties outside of New York City, and where plaintiff's supervisors did not work in New York City); Duffy, 1998 WL 252063, at *12 (dismissing New York City claims where plaintiffs and their immediate supervisors, at all relevant times, worked at defendant's offices in Melville, New York, and Parsippany, New Jersey, respectively); Lightfoot v. Union Carbide Corp., No. 92 Civ. 6411 (RPP), 1994 WL 184670, at *5 (S.D.N.Y. May 12, 1994) (dismissing claim under New York City Human Rights Law for failure to allege any discriminatory acts taking place within the boundaries of New York City) (Tab 9), aff'd, 110 F.3d 898 (2d Cir. 1997); Casper, 1998 WL 150993, at *4 (plaintiff's allegations were insufficient to demonstrate that any discriminatory conduct occurred in New York City, where all of the plaintiffs and the defendants worked at defendant's Garden City office, and all of the alleged acts of harassment were performed at the Garden City office; noting that "the Administrative Code applies only to conduct that takes place within the five boroughs of New York City").

Starr cannot even allege that the decision to terminate her employment occurred in New York City, because Time Warner Cable had no corporate presence in New York City at the time of her employment.  However, even if she could make such an allegation, it would be insufficient to establish a claim under the New York City Human Rights Law.  See Shah v. Wilco Sys., Inc., 27 A.D.3d 169, 175-76, 806 N.Y.S.2d 553, 558 (1st Dep't 2005) ("[T]he locus of the decision to terminate her is of no moment. What is significant is where the impact is felt. Thus, even if the termination decision had been made in New York City, the NYCHRL would not apply since its impact on her occurred in New Jersey [where plaintiff worked], not within the

five boroughs."); <u>Santos</u>, 271 F. Supp. 2d at 571 ("[E]ven if there were evidence that [plaintiff's] supervisors made the decisions to demote and terminate him in New York City (and there is none), that fact, standing alone, would be 'insufficient to establish a violation of the City Human Rights Law when the employee[ ] affected by that decision did not work in New York City.'") (citation omitted); <u>Duffy</u>, 1998 WL 252063, at *12 (noting that "even if . . . the decision to fire [plaintiffs] was made by DBM at its headquarters in New York City, that fact, standing alone, is insufficient to establish a violation of the City Human Rights Law when the employees affected by that decision did not work in New York City"); <u>Lightfoot</u>, 1994 WL 184670, at *5 (dismissing plaintiff's claims under the New York City Human Rights Law because the discriminatory conduct impacted the plaintiff at the defendant's Connecticut office where he was employed, even though decision to adopt early retirement program that led to plaintiff's dismissal was made at defendants New York City office, as "its impact on him . . . occurred while he was employed in Connecticut"); <u>Lucas v. Pathfinder's Personnel, Inc.</u>, No. 01 Civ. 2252 (BSJ), 2002 WL 986641, at *2 (S.D.N.Y. May 13, 2002) (finding that decision to terminate an employee in New York City was insufficient to maintain a NYCHRL claim where plaintiff lived and worked in Massachusetts) (Tab 10); <u>Germano v. Cornell Univ.</u>, No. 03 Civ. 9766 (DAB), 2005 WL 2030355, at *4-6 (S.D.N.Y. Aug. 17, 2005) (granting defendants' motion to dismiss because defendants' adverse employment actions failed to impact plaintiff in New York City) (Tab 11).  Indeed, "[t]o hold otherwise would be to expand the City Human Rights Law to cover any employee who is fired pursuant to a decision handed down by an employer from its New York City headquarters, no matter where the employee in question actually works."  <u>Duffy</u>, 1998 WL 252063, at *12.

Nor would the fact that Time Warner Cable now happens to maintain an office an New York City be of any import.  See Casper, 1998 WL 150993, at *4 ("[T]he plaintiff must show more than the happenstance that a defendant has an office in New York City."); Lightfoot, 1994 WL 184670, at *5 (rejecting plaintiff's argument that the New York City Human Rights Law should extend to his claim because defendant had some offices in New York City).

**V.    PLAINTIFF'S CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT CLAIM  IS TIME-BARRED**

Starr's claim under the Connecticut Fair Employment Practices Act ("CFEPA") is also time-barred because Starr failed to file a timely administrative complaint with the Connecticut Commission on Human Rights and Opportunities ("CHRO"), which is a requirement to filing suit.  See Conn. Gen. Stat. § 46a-100; see also Peters v. Sikorsky Aircraft Corp., No. 04 Civ. 1066 (PCD), 2006 WL 2331077, at *4 (D. Conn. Aug. 10, 2006) (Tab 12).  A Plaintiff bringing a civil action alleging a CFEPA claim must file a complaint with CHRO within 180 days of the discriminatory act in order for the complaint to be timely.  See Conn. Gen. Stat. §§ 46a-100, 46a-82(e).  See Evarts v. Southern New England Tel. Co., No. 00 Civ. 1124 (WIG), 2006 WL 2864716, at *6 (D. Conn. Oct. 2, 2006) (holding the statute and case law are clear that a FEPA claim must be filed within "180 days after the alleged act of discrimination") (Tab 13); Vollemans v. Town of Wallingford, No. 04 Civ. 286331, 2006 WL 224435, at *6 (Conn. Super. Ct. Jan. 10, 2006) finding 180-day period begins to run when plaintiff is first informed of the decision to terminate) (Tab 14).

Therefore the 180-day window for Starr to file her complaint began on January 11, 2005, when Time Warner Cable first notified her that her position would not be held open until April 2005.  (Reice Decl. Exh. E.)  Despite this notification, Starr waited until November 26, 2006,

more then 680 days after her termination, to file an administrative charge.  Clearly Starr is

beyond the requisite statute of limitations and this Court must dismiss her untimely FEPA claim.

## VI.    PLAINTIFF'S CAUSE OF ACTION FOR INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS MUST BE DISMISSED

Starr also alleges claims for intentional and negligent infliction of emotional distress.

Starr fails, however, to allege whether her claims in this regard arise under New York or

Connecticut law.   Nonetheless, Starr's claims must fail in either instance because: (1) Starr has

not alleged any conduct occurring at the time of her termination which could give rise to a claim

for intentional or negligent infliction of emotional distress under Connecticut law; and (2) Starr

has not alleged any facts which demonstrate "unreasonable" or "outrageous" conduct sufficient

to support causes of action for intentional or negligent infliction of emotional distress under

either Connecticut or New York law.[9]   As such, and as set forth more fully below, Defendants

respectfully request that the Court dismiss this claim as a matter of law.

### A.    Plaintiff's Claims For Intentional and Negligent Infliction of Emotional Distress Must Be Dismissed Under Connecticut Law Because Plaintiff Has Not Identified Any Conduct Occurring At Her Termination

Connecticut law strictly limits claims for intentional and negligent infliction of emotional

distress to conduct arising out of the termination of employment process, and not, conduct that

occurs during the course of the employment relationship.   See Walsh v. Walgreen Eastern Co.,

Inc., No. 03 Civ. 1609 (WWE), 2004 WL 722226, at *2 (D. Conn. Mar. 25, 2004) (Tab 15);

---

[9]         We also note that, to the extent this Court applies New York law to Plaintiff's claim for intentional infliction of emotional distress, this claim would be barred by the applicable one-year statute of limitations.  See N.Y. C.P.L.R. 215(3) (McKinney 2003); Brasseur v. Speranza, 21 A.D.3d 297, 298, 800 N.Y.S.2d 669, 671 (1st Dep't 2005); Peters v. Citibank, N.A., 253 A.D.2d 803, 803, 677 N.Y.S.2d 626, 626 (2d Dep't 1998); Hansen v. Petrone, 124 A.D.2d 782, 782, 508 N.Y.S.2d 500, 501 (2d Dep't 1986).  Plaintiff's last day of employment at Time Warner Cable was January 11, 2005 (Reice Decl. Exh. E), and is the latest possible date her cause of action could have accrued.  As such, the one year statute of limitations for her intentional infliction of emotional distress claim expired on January 11, 2006.  Because Starr did not file the instant Complaint until on or around June 21, 2007 (Reice Decl., Exh. A.), Plaintiff's IIED claim must be dismissed as a matter of New York law.  See Peters v. Citibank, 253 A.D.2d at 803, 677 N.Y.S.2d at 626.

<u>Allen v. Egan</u>, 303 F. Supp. 2d 71, 77-78 (D. Conn. 2004); <u>Absher v. Flexi Intern. Software,</u> <u>Inc.</u>, No. 3:02CV171 (AHN), 2003 WL 2002778, at *3-4 (D. Conn. 2003) (Tab 16) (citing <u>Perodeau v. City of Hartford</u>, 259 Conn. 729 (2002) for proposition that conduct must occur at time of termination); <u>Whitaker v. Haynes Constr. Co.</u>, 167 F. Supp. 2d 251, 256 (D. Conn. 2001) ("When the alleged infliction occurs in the workplace Connecticut imposes additional requirements. Negligent infliction of emotional distress . . . arises only where it is based upon unreasonable conduct of the defendant in the termination process.") (quotations omitted).

Here, Starr alleges that a variety of employment actions support her claims for intentional and negligent infliction of emotional distress.  (Compl. ¶¶ 167-70).  Specifically, Starr alleges that Time Warner reduced her job duties, excluded her from meetings and communications, and prevented her from transferring.  (<u>Id.</u>)  Determinatively, each of these alleged actions occurred during the course of Starr's employment, and not at the termination of her employment. Accordingly, because Starr has failed to identify any actionable conduct occurring at the time of her termination, Starr's claims for intentional and negligent infliction of emotional distress, to the extent they arise under Connecticut law, must be dismissed.  <u>See</u> <u>Walsh</u>, 2004 WL 722226, at *2-3; <u>Perodeau</u>, 259 Conn. at 734.

     **B.**     **Plaintiff's Claims For Intentional And Negligent Infliction of Emotional Distress Must Be Dismissed Under Both Connecticut and New York Law Because Plaintiff Has Not Alleged Sufficiently Actionable Conduct**

Even assuming, <u>arguendo</u>, that the conduct alleged by Starr occurred at the time of the termination of her employment – which it did not – her claims must still be dismissed because the conduct fails to rise to the level of being "unreasonable" or "outrageous," necessary to

support causes of action for negligent or intentional infliction of emotional distress under both Connecticut and New York law.[10]

**1.    Plaintiff Cannot Establish A Claim For Negligent Infliction of Emotional Distress Because Plaintiff Cannot Allege Any Unreasonable Conduct**

Starr's claim for negligent infliction of emotional distress must be dismissed because she cannot allege any conduct that meets the threshold necessary to establish her claim.  In order to survive a motion to dismiss, a plaintiff must establish that the defendant should have (1) realized that its conduct involved an unreasonable risk of causing distress to plaintiff; and (2) realized that the distress, if caused, might result in illness or bodily harm.  See, e.g., Barrett v. Danbury Hosp., 232 Conn. 242, 260-61, 654 A.2d 748 (1995).  Plaintiff must also allege that the conduct is so "unreasonable" as to be "humiliating, extreme or outrageous."[11]    See Walsh, 2004 WL 722226, at *3 (noting that "[t]his threshold is extremely high"); Allen, 303 F. Supp. 2d at 77 (citing Perodeau, 259 Conn. at 751).

Here, Starr merely alleges a variety of typical employment actions that are naturally incident to nearly every employment relationship.  Specifically, Starr alleges that Time Warner Cable reduced her job duties, excluded her from meetings and communications, and prevented her from transferring.  (Compl. ¶¶ 167-70).  Innocuous employment actions such as these are a far cry from the conduct required to survive a motion to dismiss on a negligent infliction of

---

[10]      Whether the conduct alleged rises to the requisite level to support a claim for negligent or intentional infliction of emotional distress is a question of law, properly determined by a court on a motion to dismiss.  See, e.g., Allen, 303 F. Supp. 2d at 78; 164 Mulberry Street Corp. v. Columbia Univ., 4 A.D.3d 49, 56, 771 N.Y.S.2d 16, 21-22 (1st Dep't 2004).

[11]      New York law imposes the same standard on negligent infliction of emotional distress claims as it does on intentional infliction of emotional distress claims.  See Dillon v. City of New York, 261 A.D.2d 34, 41, 704 N.Y.S.2d 1, 7 (1st Dep't 1999); Young v. GSL Enters., 237 A.D.2d 119, 654 N.Y.S.2d 24 (1st Dep't 1997); Naturman v. Crain Comm., Inc., 216 A.D.2d 150, 628 N.Y.S.2d 281 (1st Dep't 1995).  Accordingly, because Plaintiff's allegations are insufficient to meet the lower threshold established by Connecticut law for claims of negligent infliction of emotional distress, her allegations are necessarily insufficient to meet the more stringent standard imposed by New York law.  See Dillon, 261 A.D.2d at 41, 704 N.Y.S.2d at 7.

emotional distress claim.  See Allen, 303 F. Supp. 2d at 78 (demotion from full-time status insufficient to meet threshold); Walsh, 2004 WL 722226, at *3 (refusal to pay overtime insufficient to meet threshold).  Accordingly, Starr's claim for negligent infliction of emotional distress must be dismissed as a matter of law.  See Allen, 303 F. Supp. 2d at 78.

    **2.**    **Plaintiff Cannot Establish A Claim For Intentional Infliction of Emotional Distress Because Plaintiff Cannot Allege Any Extreme And Outrageous Conduct**

For similar reasons, Starr has not and cannot allege any conduct that even approaches the higher threshold necessary to establish a claim for intentional infliction of emotional distress.  In order for an intentional infliction of emotional distress claim to survive a motion to dismiss, Starr must establish that (1) Time Warner intended to inflict emotional distress, or that Time Warner knew or should have known that emotional distress was a likely result of its conduct; (2) that the conduct was extreme and outrageous; (3) that Time Warner's conduct was the cause of Starr's distress; and (4) that the emotional distress suffered by Starr was severe.  See, e.g., Appleton v. Board of Educ., 254 Conn. 205, 211, 757 A.2d 1059, 1063 (2000); Murphy v. American Home Prods. Corp., 58 N.Y.2d 293, 303, 461 N.Y.S.2d 232, 236 (1983).  With regard to the second element, to survive a motion to dismiss, the conduct alleged must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  Appleton, 254 Conn. at 211, 757 A.2d at 1062; Murphy, 58 N.Y.2d at 303, 461 N.Y.S.2d at 236; 164 Mulberry Street Corp., 4 A.D.3d at 56, 771 N.Y.S.2d at 21-22; Khan v. Reade, 7 A.D.3d 311, 312, 776 N.Y.S.2d 281, 282 (1st Dep't 2004); Dollard v. Bd. of Educ., 63 Conn. App. 550, 552, 777 A.2d 714, 715 (2001); Dillon, 261 A.D.2d at 41, 704 N.Y.S.2d at 7.  Moreover, both New York and Connecticut courts have recognized that while discriminatory conduct may be illegal, it is not necessarily sufficient to support a claim for intentional infliction of emotional distress.  See Allen, 303 F. Supp. 2d at

78; <u>Green v. Harris Publ'ns, Inc.</u>, 331 F. Supp. 2d 180, 195-96 (S.D.N.Y. 2004); <u>Miner v. Town of Cheshire</u>, 126 F. Supp. 2d 184, 198 (D. Conn. 2000).

The conduct complained of by Starr, including allegedly having her job duties reduced, being left out of meetings, being left off of communications, and being prevented from transferring, are not, as a matter of law, conduct of such an "extreme and outrageous" nature sufficient to satisfy such a claim, nor are Starr's conclusory allegations sufficient to defeat a motion to dismiss. <u>Stein v. 92nd St. YM-YWHA, Inc.</u>, 273 A.D.2d 181, 182, 710 N.Y.S.2d 68, 70 (1st Dep't 2000) (dismissing claims "since defendant's behavior, even as alleged, was not sufficiently outrageous to support a cause of action for intentional infliction of emotional distress"); <u>Green</u>, 331 F. Supp. 2d at 195-96 (under New York law, employer's allegedly discriminatory failure to promote African-American employee and purported environment of racial hostility were not sufficiently outrageous to support employee's claim for intentional infliction of emotional distress); <u>Appleton</u>, 254 Conn. at 210-12, 757 A.2d at 1062-63 (humiliating remarks, psychiatric examinations, security escort and suspension of employment insufficient to meet standard); <u>Dollard</u>, 63 Conn. App. at 555, 777 A.2d at 718; <u>Ferrandino v. Alvin J. Bart & Sons</u>, 247 A.D.2d 428, 429, 668 N.Y.S.2d 99, 100 (2d Dep't 1998).

Accordingly, under both Connecticut and New York law, this Court should dismiss Starr's claims for negligent and intentional infliction of emotional distress.

## CONCLUSION

For all the foregoing reasons, the Court should, grant Time Warner Cable's motion to dismiss the Complaint in its entirety, with prejudice; and grant such other relief as the Court may deem just and proper, including the costs and fees of making this motion.

Dated: New York, New York
       August 6, 2007

                                        Respectfully submitted,

                                        SEYFARTH SHAW LLP


                                        By: /s/ Richard Reice
                                            Richard Reice (RR-8874)
                                            Anjanette Cabrera (AC-3922)
                                        620 Eighth Avenue
                                        New York, New York 10018-1405
                                        (212) 218-5500

                                        Attorneys for Defendants
                                        Time Warner, Inc. and Time Warner Cable, Inc.

20