UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ZOHREH STARR a/k/a ZOE STARR,    :

                                       :    CV 07-5871 (DC)

                      Plaintiff,    :

                                       :    **DECLARATION OF RICHARD**

       - against -    :    **REICE IN SUPPORT**

                                       :    **OF DEFENDANTS' MOTION TO**

TIME WARNER INC. and TIME WARNER    :    **DISMISS THE COMPLAINT**

CABLE INC.,    :

                                       :

                    Defendant(s).  :

                                       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STATE OF NEW YORK    )
                     )    s.s:
COUNTY OF NEW YORK   )

     RICHARD REICE, an attorney duly admitted to practice law in the State of New York,

under penalties of perjury, hereby declares:

     1.      I am a member of the Bar of this Court and a member of the law firm Seyfarth

Shaw LLP, attorneys for Defendants Time Warner, Inc. ("Time Warner") and Time Warner

Cable, Inc. ("Time Warner Cable").  I submit this Declaration in Support of Defendants' Motion

to Dismiss the Complaint and to place before the Court true and correct copies of certain

documents.  I know the facts testified to in this Declaration to be true based on my own personal

knowledge and a review of the documents.

     2.      Annexed hereto as Exhibit A is a true and correct copy of the Complaint, served

by plaintiff Zohreh Starr a/k/a Zoe Starr ("Plaintiff" or "Starr") June 21, 2007.

     3.      Annexed hereto as Exhibit B is a true and correct copy of the Charge Starr filed

with the Equal Employment Opportunity Commission ("EEOC") on November 24, 2006.

4.      Annexed hereto as Exhibit C is a true and correct copy of the Dismissal of Starr's charge issued by the EEOC on March 27, 2007.

5.      Annexed hereto as Exhibit D is a true and correct copy of Starr's letter to Time Warner Cable, dated January 10, 2005, requesting that her position be held until April.

6.      Annexed hereto as Exhibit E is a true and correct copy of Time Warner Cables' notification to Starr dated, January 11, 2005, that her position would not be held open, as she requested, but she was free to apply to an open position when she was ready to return to work.

7.      Annexed hereto as Exhibit F is a true and correct copy of Starr's letters dated, January 2006, February 24, 2006 and March 29, 2006 expressing her interest in returning to Time Warner Cable.

8.      Annexed hereto as Exhibit G is a true and correct copy of Time Warner Cables' letter to Starr, dated April 7, 2006  in response to her interest in returning to Time Warner Cable and reiterating that she no longer had a position with Time Warner Cable.

9.      For the reasons set forth in the accompanying Memorandum of Law in Support of Defendants' Motion to Dismiss the Complaint, Defendants respectfully request that the Court grant the motion and award such other and further relief as the Court deems just and appropriate.

Dated: New York, New York
        August 6, 2007

                                        s/ Richard Reice_____
                                        Richard Reice (RR-8874)
                                        SEYFARTH SHAW LLP
                                        620 Eighth Avenue
                                        New York, New York 10018
                                        (212) 218-5500
                                        Attorneys for Defendants
                                        Time Warner, Inc. and Time Warner
                                        Cable, Inc.

# EXHIBIT A



UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**07 CV 5871**

-----------------------------------------------------------------X

ZOHREH STARR a/k/a ZOE STARR,

                    Plaintiff,

       -against-

TIME WARNER, INC. and TIME WARNER
CABLE, INC.,

                 Defendant(s).

-----------------------------------------------------------------X

Civil Docket No.:

**COMPLAINT**



Plaintiff ZOHREH STARR a/k/a ZOE STARR, (hereinafter "Plaintiff"), by her attorneys SYLVOR & RICHMAN, LLP, as and for her Complaint alleges the following:

### JURISDICTION and VENUE

1.    This is a civil action arising out of a wrongful termination of employment in violation of public policy.

2.    Jurisdiction of the Court is based on 28 U.S.C.A. §1331 as there are substantial federal questions involved in the interpretation of a federal statute(s).

3.    At all times hereinafter mentioned, at the time of the subject employment Plaintiff was a resident of the State of New York.

4.    At all times hereinafter mentioned, Plaintiff is currently a resident of the State of California.

5.    Upon information and belief, Defendant TWC, Inc., (hereinafter "TW"), is a publicly traded company on the New York Stock Exchange, trading under the symbol TWX:NYSE.

6.    Upon information and belief, Defendant TWC Cable, Inc., (hereinafter "TWC") is a division of TW.

7.     Upon information and belief, TW and TWC maintain offices in the City and State of New York, with its headquarters located at One TWC Center, New York, NY 10019.

8.     Venue is proper under 28 U.S.C.A. §1391 as TW and TWC maintain offices and headquarters in the City and State of New York.

## STATEMENT OF RELEVANT FACTS

9.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 8 hereof, as though fully set forth at length herein.

10.     On or about September 8, 2003, Plaintiff commenced her employment with TWC at its offices at 290 Harbor Drive, Stamford, CT. 06902.

11.     While in the employ of TWC, Plaintiff was discriminated and harassed because of her Iranian origin.

12.     While in the employ of TWC, the management and employees at TWC created a hostile working environment solely because of her Iranian origin.

13.     While in the employ of TWC, the management and employees at TWC created a hostile working environment, which included stripping Plaintiff of her projects and responsibilities.

14.     While in the employ of TWC, the management and employees at TWC created a hostile working environment, which included, but not limited to, launching a calculated defamatory campaign to bash Plaintiff's reputation.

15.     While in the employ of TWC, the management and employees at TWC created a hostile working environment, which included, but not limited to, rarely speaking to Plaintiff and advising co-workers to do the same.

2

16      While in the employ of TWC, the management and employees at TWC created a hostile working environment, which included, but not limited to, omitting Plaintiff from important communications.

17.      While in the employ of TWC, the management and employees at TWC created a hostile working environment, which included, but not limited to, excluding Plaintiff from meetings.

18.      While in the employ of TWC, the management and employees at TWC created a hostile working environment, which included, but not limited to, blocking Plaintiff's attempts to transfer within the company.

19.      As a result of TWC's discriminatory conduct against Plaintiff, she became mentally and physically injured, requiring her to take a medical leave of absence.

20.      Plaintiff's medical leave of absence was authorized by TWC.

21.      Plaintiff's medical leave of absence fell within TWC's employee disability insurance policy.

22.      TWC's disability insurance carrier approved and paid for Plaintiff's medical care and treatment while Plaintiff was on medical leave.

23.      While on medical leave, Plaintiff provided TWC with periodic updates regarding the progress of her medical condition.

24.      While on medical leave, TWC advised and assured Plaintiff that her position with the company would be available upon her return.

25.      In March 2006, Plaintiff was cleared by her treating doctors to return to work.

26.      TWC failed to and refuses to return to Plaintiff the position that she held within the company prior to her medical leave of absence.

3

27.    TWC failed to and refuses to provide Plaintiff with an equivalent position with the company as Plaintiff had prior to her medical leave of absence.

28.    On or about April 7, 2006, TWC advised Plaintiff that neither her job, nor any employment position with the company, was available to her.

29.    On or about October 4, 2006, Plaintiff filed a claim with the United States Equal Employment Opportunity Commission, (hereinafter "EEOC"), complaining that her termination was wrongful on the account that it was based on a discriminatory practice stemming from her medical condition and her Iranian origin.

30.    On or about March 27, 2007, the EEOC incorrectly determined that Plaintiff was time-barred from filing a claim with the agency

31.    On or about April 3, 2007, Plaintiff appealed the EEOC's March 27, 2007 decision. To date, the EEOC has not rendered a decision on the appeal.

## AS AND FOR A FIRST CAUSE OF ACTION

### (American Disabilities Act of 1990- Titles I and V – 29 C.F.R. 1630, *et seq.*)

32.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 31 hereof, as though fully set forth at length herein.

33.    TWC wrongfully termination of Plaintiff is in violation of the American Disabilities Act of 1990, (hereinafter "ADA").

34.    29 C.F.R. 1630.4, entitled "Discrimination prohibited," states in relevant part as follows:

It is unlawful for a covered entity to discriminate on the basis of disability against a qualified individual with a disability in regard to:

...

(b) Hiring, upgrading, promotion, award of tenure, demotion, transfer, layoff, termination, right of return from layoff, and rehiring;

4

...

(d) Job assignments, job classifications, organizational structures, position descriptions, lines of progression, and seniority lists;

...

(e) Leaves of absence, sick leave, or any other leave;

...

(g) Selection and financial support for training, including: apprenticeships, professional meetings, conferences and other related activities, and selection for leaves of absence to pursue training;

...

(h) Activities sponsored by a covered entity including social and recreational programs; and

(i) Any other term, condition, or privilege of employment.

35.     29 C.F.R. 1630.2(b) defines that the term "covered entity" as an employer, employment agency, labor organization, or joint labor management committee."

36.     29 C.F.R. 1630.2(e) defines that the term 'employer" as "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person, except that, for two years following the effective date of this subchapter, an employer means a person engaged in an industry affecting commerce who has 25 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year, and any agent of such person.

37.     29 C.F.R. 1630.2(f) defines a "disability" as follows:

(1)     a physical or mental impairment that substantially limits one or    more of the major life activities of such individual;

5

(2)    a record of such an impairment; or

(3)    being regarded as having such impairment.

38.    Upon information and belief TWC falls within the definition of "covered entity" under 29 C.F.R. 1630.2(b).

39.    Upon information and belief TWC falls within the definition of "employer" under 29 C.F.R. 1630.2(e).

40.    TWC's termination of Plaintiff is in violation of 29 C.F.R. 1630.4.

41.    Plaintiff's termination by TWC is in violation of 29 C.F.R. 1630.2(f)(1), as Plaintiff's mental and physical injuries substantially limited one or more of the major activities of her life.

42.    Plaintiff's termination by TWC is in violation of 29 C.F.R. 1630.2(f)(2), as Plaintiff's mental and physical injuries are well documented by her treating doctors.

43.    Plaintiff's termination by TWC is in violation of 29 C.F.R. 1630.2(f)(3), as Plaintiff received extensive treatment for her mental and physical injuries.

44.    Plaintiff's termination by TWC is in violation of 29 C.F.R. 1630.2(f)(3), as TWC has sufficient knowledge of Plaintiff's disability.

45.    Plaintiff's termination by TWC is in violation of 29 C.F.R. 1630.4(b), as she was discharged due to her disability.

46.    Plaintiff's termination by TWC is in violation of 29 C.F.R. 1630.4(b), as she was and is qualified to perform the essential functions of her job at TWC.

47.    Plaintiff's termination by TWC is in violation of 29 C.F.R. 1630.4(b), as she suffered adverse employment conditions while in the employment of TWC.

48.    Plaintiff's termination by TWC is in violation of 29 C.F.R. 1630.4(b), as upon information and belief, plaintiff was replaced by a non-disabled person.

6

49.     Plaintiff's termination by TWC is in violation of 29 C.F.R. 1630.4(d), as her job assignments were taken away as part of the harassment she endured due to her Iranian origin.

50.     Plaintiff's termination by TWC is in violation of 29 C.F.R. 1630.4(e), as she was discharged during and/or following her medical leave of absence.

51.     Plaintiff's termination by TWC is in violation of 29 C.F.R. 1630.4(g), as she was purposely excluded from professional meetings, conferences and other related activities as part of the harassment that she endured due to her Iranian origin.

52.     Plaintiff's termination by TWC is in violation of 29 C.F.R. 1630.4(h), as she was purposely excluded from activities sponsored by TWC, including social and recreational programs, as part of the harassment that she endured due to her Iranian origin.

53.     Plaintiff's termination by TWC is in violation of 29 C.F.R. 1630.4(i), as she was purposely excluded for certain privileges of employment extended to other TWC employees, as part of the harassment that she endured due to her Iranian origin.

54.     Based on the foregoing, TWC is liable for discriminating against Plaintiff in violation of the ADA, 29 C.F.R. 1630, et seq.

## AS AND FOR A SECOND CAUSE OF ACTION

### (Title VII of the Civil Rights Act of 1964 - 42 U.S.C.A. § 2000e, et seq.)

55.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 54 hereof, as though fully set forth at length herein.

56.     TWC's wrongful termination of the Plaintiff is in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000-e, et seq., (hereinafter "the Act").

57.    42 U.S.C.A. §2000e-2(a), entitled "Unlawful employment practices," states that it shall be an unlawful employment practice for an employer - "

> (1)    to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> (2)    to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

58.    The term "employer," as defined under 42 U.S.C.A. §2000e-(b) means "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person ..."

59.    The term "employee," as defined under 42 U.S.C.A. §2000e-(f) means "an individual employed by an employer ..."

60.    Upon information and belief TWC falls within the definition of term "employer," as defined under 42 U.S.C.A. §2000e-(b).

61.    The Plaintiff falls in the definition of "employee" as defined under 42 U.S.C.A. §2000e-(f).

62.    Plaintiff's termination by TWC is in violation of 42 U.S.C.A. §2000e-2(a), as she suffered adverse employment conditions while in the employment of TWC.

63.    Plaintiff's termination by TWC is in violation of 42 U.S.C.A. §2000e-2(a), as her job assignments were taken away as part of the harassment she endured due to her Iranian origin.

8

64.    Plaintiff's termination by TWC is in violation of 42 U.S.C.A. §2000e-2(a), as she was purposely excluded from professional meetings, conferences and other related activities as part of the harassment that she endured due to her Iranian origin.

65.    Plaintiff's termination by TWC is in violation of 42 U.S.C.A. §2000e-2(a), as she was purposely excluded from activities sponsored by TWC, including social and recreational programs, as part of the harassment that she endured due to her Iranian origin.

66.    Plaintiff's termination by TWC is in violation of 42 U.S.C.A. §2000e-2(a), as she was purposely excluded for certain privileges of employment extended to other TWC employees, as part of the harassment that she endured due to her Iranian origin.

67.    Based on the foregoing, TWC is liable for discriminating against Plaintiff in violation of 42 U.S.C.A. §2000e-2(a).

## AS AND FOR A THIRD CAUSE OF ACTION

### (Equal Opportunity for Individuals with Disabilities - 42 U.S.C.A. §12101, *et seq.*)

68.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 67 hereof, as though fully set forth at length herein.

69.    TWC's wrongful termination of the Plaintiff is in violation of 42 U.S.C.A. §12112.

70.    42 U.S.C.A. § 12112 states as follows:

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

9

71.    The term he term "covered entity" is defined under 42 U.S.C.A. §12111(2) as "an employer, employment agency, labor organization, or joint labor-management committee."

72.    The terms "employer" is defined under 42 U.S.C.A. §12111(5) as a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person, except that, for two years following the effective date of this subchapter, an employer means a person engaged in an industry affecting commerce who has 25 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year, and any agent of such person.

73.    The term "employee," as defined under 42 U.S.C.A. §12111(4), means "an individual employed by an employer."

74.    Upon information and belief TWC falls within the definition of term "employer," as defined under 42 U.S.C.A. §12111(5).

75.    The Plaintiff falls in the definition of "employee" as defined under 42 U.S.C.A. §12111(4).

76.    Plaintiff's termination by TWC is in violation of 42 U.S.C.A. §12112, as Plaintiff's mental and physical injuries are well documented by her treating doctors.

77.    Plaintiff's termination by TWC is in violation of 42 U.S.C.A. §12112 as Plaintiff received extensive treatment for her mental and physical injuries.

78.    Plaintiff's termination by TWC is in violation of 42 U.S.C.A. §12112, as TWC has sufficient knowledge of Plaintiff's disability.

79.    Plaintiff's termination by TWC is in violation of 42 U.S.C.A. §12112, as she was discharged due to her disability.

10

80.    Plaintiff's termination by TWC is in violation of 42 U.S.C.A. §12112, as she was and is qualified to perform the essential functions of her job at TWC.

81.    Plaintiff's termination by TWC is in violation of 42 U.S.C.A. § 12112, as she suffered adverse employment conditions while in the employment of TWC.

82.    Plaintiff's termination by TWC is in violation of 42 U.S.C.A. § 12112, as upon information and belief, plaintiff was replaced by a non-disabled person.

83.    Plaintiff's termination by TWC is in violation of 42 U.S.C.A. § 12112, as she was discharged during and/or following her medical leave of absence.

84.    Based on the foregoing, TWC is liable for discriminating against Plaintiff in violation of 42 U.S.C.A. §12101, et seq.

## AS AND FOR A FOURTH CAUSE OF ACTION

### (Family and Medical Leave Act - 29 U.S.C.A. § 2601, et seq.)

85.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 84 hereof, as though fully set forth at length herein.

86.    TWC's wrongful termination of the Plaintiff is in violation of Family and Medical Leave Act, 29 U.S.C.A. § 2601, et seq.

87.    29 U.S.C.A. § 2614 states as follows:

(a) Restoration to position

(1) In general

Except as provided in subsection (b) of this section, any eligible employee who takes leave under section 2612 of this title for the intended purpose of the leave shall be entitled, on return from such leave -

(A) to be restored by the employer to the position of employment held by the employee when the leave commenced; or

11

(B) to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment.

88.    29 U.S.C.A. § 2614(a)(1) states, in relevant part, as follows:

Subject to section 2613 of this title, an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for one or more of the following:

...

(D) Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee.

89.    The terms "eligible employee" is defined under 29 U.S.C.A. § 2611(2)(A) as "an employee who has been employed-- (i) for at least 12 months by the employer with respect to whom leave is requested under section 2612 of this title; and (ii) for at least 1,250 hours of service with such employer during the previous 12-month period.

90.    The term "employer," as defined under 29 U.S.C.A. § 2611(4), (i) means any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year; (ii) includes-- (I) any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer; and (II) any successor in interest of an employer ...

91.    The term "employee," as defined under 29 U.S.C.A. § 203, means "any individual employed by an employer."

92.    The Plaintiff falls in the definition of "eligible employee" is defined under 29 U.S.C.A. § 2611(2)(A).

93.    The Plaintiff falls in the definition of "employer" is defined under 29 U.S.C.A. § 2611(4).

12

94.    TWC is an employee as defined under 29 U.S.C.A. §203.

95.    Plaintiff's termination by TWC is in violation of 29 U.S.C.A. § 2601, *et seq.*, as Plaintiff's mental and physical injuries substantially limited one or more of the major activities of her life.

96.    Plaintiff's termination by TWC is in violation of 29 U.S.C.A. § 2601, *et seq.*,  as Plaintiff was entitled to leave under the same due to her mental and physical injuries.

97.    Plaintiff's termination by TWC is in violation of 29 U.S.C.A. § 2601, *et seq.*, as Plaintiff's mental and physical injuries are well documented by her treating doctors.

98.    Plaintiff's termination by TWC is in violation of 29 U.S.C.A. § 2601, *et seq.*, as Plaintiff received extensive treatment for her mental and physical injuries.

99.    Plaintiff's termination by TWC is in violation of 29 U.S.C.A. § 2601, *et seq.*, as Plaintiff provided notice to TWC of her mental and physical injuries that required her to take a medical leave of absence.

100.    Plaintiff's termination by TWC is in violation of 29 U.S.C.A. § 2601, *et seq.*, as TWC failed to restore to the Plaintiff the position of employment that she held with the company when her medical leave commenced.

101.    Plaintiff's termination by TWC is in violation of 29 U.S.C.A. § 2601, *et seq.*, as she was not provided an equivalent position that she held with the company when her medical leave commenced, including benefits, pay, and other terms and conditions of employment.

102.    Plaintiff's termination by TWC is in violation of 29 U.S.C.A. § 2601, *et seq.*, as she was discharged upon her return from medical leave.

13

103.    Based on the foregoing, TWC's termination of Plaintiff is in violation of 29 U.S.C.A. § 2601, *et seq*.

## AS AND FOR A FIFTH CAUSE OF ACTION

### (Punitive and Compensatory Damages - 42 U.S.C.A. § 1981(a))

104.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 103 hereof, as though fully set forth at length herein.

105.    Under 42 U.S.C.A. §1981(a) Plaintiff is entitled to punitive damages as TWC "engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights" of the Plaintiff.

106.    Under 42 U.S.C.A. §1981(a) Plaintiff is entitled to compensatory damages as authorized under section 706(g) of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000e-5(g)].

## AS AND FOR A SIXTH CAUSE OF ACTION

### (New York State Executive Law §296)

107.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 106 hereof, as though fully set forth at length herein.

108.    New York State Executive Law §296(1)(a) provides as follows:

It shall be an unlawful discriminatory practice:

(a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

109.    The term "employer," as defined under Executive Law §292(5), "does not include any employer with fewer than four persons in his employ."

14

110.    The term "national origin," as defined under Executive Law §292(8), "shall, for the purposes of this article, include 'ancestry.'"

111.    The term "disability," as defined under Executive Law §292(21), means as follows:

(a)    a physical, mental or medical impairment resulting from anatomical, physiological, genetic or neurological conditions which prevents the exercise of a normal bodily function or is demonstrable by medically accepted clinical or laboratory diagnostic techniques; or

(b)    a record of such an impairment; or

(c)    a condition regarded by others as such an impairment, provided, however, that in all provisions of this article dealing with employment, the term shall be limited to disabilities which, upon the provision of reasonable accommodations, do not prevent the complainant from performing in a reasonable manner the activities involved in the job or occupation sought or held.

112.    Upon information and belief TWC falls within the definition of term "employer," as defined under Executive Law §292(5).

113.    TWC's termination of Plaintiff is in violation of Executive Law §296(1)(a).

114.    Plaintiff's termination by TWC is in violation of Executive Law §296(1)(a), as Plaintiff mental and physical injuries substantially limited one or more of the major activities of her life.

115.    Plaintiff's termination by TWC is in violation of Executive Law §296(1)(a), as Plaintiff's mental and physical injuries are well documented by her treating doctors.

15

116.    Plaintiff's termination by TWC is in violation of Executive Law §296(1)(a) as Plaintiff received extensive treatment for her mental and physical injuries.

117.    Plaintiff's termination by TWC is in violation of Executive Law §296(1)(a), as TWC has sufficient knowledge of Plaintiff's disability.

118.    Plaintiff's termination by TWC is in violation of Executive Law §296(1)(a), as she was discharged due to her disability.

119.    Plaintiff's termination by TWC is in violation of Executive Law §296(1)(a), as she was and is qualified to perform the essential functions of her job at TWC.

120.    Plaintiff's termination by TWC is in violation of Executive Law §296(1)(a), as she suffered adverse employment conditions while in the employment of TWC.

121.    Plaintiff's termination by TWC is in violation of Executive Law §296(1)(a), as upon information and belief, plaintiff was replaced by a non-disabled person.

122.    Plaintiff's termination by TWC is in violation of Executive Law §296(1)(a), as her job assignments were taken away as part of the harassment she endured due to her Iranian origin.

123.    Plaintiff's termination by TWC is in violation of Executive Law §296(1)(a), as she was discharged following her leaves of absence and/or sick leave.

124.    Plaintiff's termination by TWC is in violation of Executive Law §296(1)(a), as she was purposely excluded from professional meetings, conferences and other related activities as part of the harassment that she endured due to her Iranian origin.

125.   Plaintiff's termination by TWC is in violation of Executive Law §296(1)(a), as she was purposely excluded from activities sponsored by TWC, including social and recreational programs, as part of the harassment that she endured due to her Iranian origin.

126.   Plaintiff's termination by TWC is in violation of Executive Law §296(1)(a), as she was purposely excluded for certain privileges of employment extended to other TWC employees, as part of the harassment that she endured due to her Iranian origin.

127.   Based on the foregoing, TWC is liable for discriminating against Plaintiff in violation of Executive Law §296(1)(a).

## AS AND FOR A SEVENTH CAUSE OF ACTION

### (N.Y. City Code §8-107)

128.   Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 127 hereof, as though fully set forth at length herein.

129.   TWC's wrongful termination of the Plaintiff is in violation of Title VII of N.Y. City Code §8-107, (hereinafter "NYCC §8-107").

130.   NYCC §8-107, entitled "Unlawful discriminatory practices," provides as follows:

> It shall be an unlawful discriminatory practice:
>
> (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

131.   TWC's termination of Plaintiff is in violation of NYCC §8-107.

132.    Plaintiff's termination by TWC is in violation of NYCC §8-107, as Plaintiff mental and physical injuries substantially limited one or more of the major activities of her life.

133.    Plaintiff's termination by TWC is in violation of NYCC §8-107, as Plaintiff's mental and physical injuries are well documented by her doctors.

134.    Plaintiff's termination by TWC is in violation of NYCC §8-107 as Plaintiff received extensive treatment for her mental and physical injuries

135.    Plaintiff's termination by TWC is in violation of NYCC §8-107, as TWC has sufficient knowledge of Plaintiff's disability.

136.    Plaintiff's termination by TWC is in violation of NYCC §8-107, as she was discharged due to her disability.

137.    Plaintiff's termination by TWC is in violation of NYCC §8-107, as she was and is qualified to perform the essential functions of her job at TWC.

138.    Plaintiff's termination by TWC is in violation of NYCC §8-107, as she suffered adverse employment conditions while in the employment of TWC.

139.    Plaintiff's termination by TWC is in violation of NYCC §8-107, as upon information and belief, plaintiff was replaced by a non-disabled person.

140.    Plaintiff's termination by TWC is in violation of NYCC §8-107, as her job assignments were taken away as part of the harassment she endured due to her Iranian origin.

141.    Plaintiff's termination by TWC is in violation of NYCC §8-107, as she was discharged following her leaves of absence and/or sick leave.

18

142.    Plaintiff's termination by TWC is in violation of NYCC §8-107, as she was purposely excluded from professional meetings, conferences and other related activities as part of the harassment that she endured due to her Iranian origin.

143.    Plaintiff's termination by TWC is in violation of NYCC §8-107, as she was purposely excluded from activities sponsored by TWC, including social and recreational programs, as part of the harassment that she endured due to her Iranian origin.

144.    Plaintiff's termination by TWC is in violation of NYCC §8-107, as she was purposely excluded for certain privileges of employment extended to other TWC employees, as part of the harassment that she endured due to her Iranian origin.

145.    Based on the foregoing, TWC is liable for discriminating against Plaintiff in violation of NYCC §8-107.

## AS AND FOR A EIGHT CAUSE OF ACTION

### (C.G.S.A. §46a-60)

146.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 145 hereof, as though fully set forth at length herein.

147.    TWC's wrongful termination of the Plaintiff is in violation of Connecticut General Statutues §46a-60, (hereinafter "CGS §46a-60").

148.    CGS §46a-60, entitled "Discriminatory employment practices prohibited," provides as follows:

> (a)    It shall be a discriminatory practice in violation of this section:
>
> (1)    For an employer, by the employer or the employer's agent, except in the case of a bona fide occupational qualification or need, to refuse to hire or employ or to bar or to discharge from employment any individual or to

19

discriminate against such individual in compensation or in terms, conditions or privileges of employment because of the individual's race, color, religious creed, age, sex, marital status, national origin, ancestry, present or past history of mental disability, mental retardation, learning disability or physical disability, including, but not limited to, blindness.

149.    TWC's termination of Plaintiff is in violation of CGS §46a-60.

150.    Plaintiff's termination by TWC is in violation of CGS §46a-60, as Plaintiff mental and physical injuries substantially limited one or more of the major activities of her life.

151.    Plaintiff's termination by TWC is in violation of CGS §46a-60, as Plaintiff's mental and physical injuries are well documented by her doctors.

152.    Plaintiff's termination by TWC is in violation of CGS §46a-60 as Plaintiff received extensive treatment for her mental and physical injuries.

153.    Plaintiff's termination by TWC is in violation of CGS §46a-60, as TWC has sufficient knowledge of Plaintiff's disability.

154.    Plaintiff's termination by TWC is in violation of CGS §46a-60, as she was discharged due to her disability.

155.    Plaintiff's termination by TWC is in violation of CGS §46a-60, as she was and is qualified to perform the essential functions of her job at TWC.

156.    Plaintiff's termination by TWC is in violation of CGS §46a-60, as she suffered adverse employment conditions while in the employment of TWC.

157.    Plaintiff's termination by TWC is in violation of CGS §46a-60, as upon information and belief, plaintiff was replaced by a non-disabled person.

158.    Plaintiff's termination by TWC is in violation of CGS §46a-60, as her job assignments were taken away as part of the harassment she endured due to her Iranian origin.

159.    Plaintiff's termination by TWC is in violation of CGS §46a-60, as she was discharged following her leaves of absence and/or sick leave.

160.    Plaintiff's termination by TWC is in violation of CGS §46a-60, as she was purposely excluded from professional meetings, conferences and other related activities as part of the harassment that she endured due to her Iranian origin.

161.    Plaintiff's termination by TWC is in violation of CGS §46a-60, as she was purposely excluded from activities sponsored by TWC, including social and recreational programs, as part of the harassment that she endured due to her Iranian origin.

162.    Plaintiff's termination by TWC is in violation of CGS §46a-60, as she was purposely excluded for certain privileges of employment extended to other TWC employees, as part of the harassment that she endured due to her Iranian origin.

163.    Based on the foregoing, TWC is liable for discriminating against Plaintiff in violation of CGS §46a-60.

### AS AND FOR AN NINTH CAUSE OF ACTION

### (Inentional and Negligent Inflicaiton of Emotional Distress)

164.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 163 hereof, as though fully set forth at length herein.

165.    TWC's wrongful termination of the Plaintiff is in violation of the aforementioned federal and state statutes.

166.    Plaintiff suffered adverse employment conditions while in the employment of TWC.

167.    Plaintiff's job assignments were taken away as part of the harassment she endured due to her Iranian origin.

168.    Plaintiff was purposely excluded from professional meetings, conferences and other related activities as part of the harassment that she endured due to her Iranian origin.

169.    Plaintiff was purposely excluded from activities sponsored by TWC, including social and recreational programs, as part of the harassment that she endured due to her Iranian origin.

170.    Plaintiff was purposely excluded for certain privileges of employment extended to other TWC employees, as part of the harassment that she endured due to her Iranian origin.

171.    TWC's intentional and/or negligent acts, as described above, inflicted shock, trauma, mental anguish and emotional distress upon the Plaintiff.

172.    Based on the foregoing, the Plaintiff seeks damages for the shock, trauma, mental anguish and emotional distress caused by TWC's negligent and intentional acts while the Plaintiff was in the employ of the company.

[INTENTIONALLY OMITTED]

22

WHEREFORE, Plaintiff ZOHREH STARR a/k/a ZOE STARR respectfully demands that Judgment be entered in her favor for monetary, compensatory damages and punitive damages against Defendants TIME WARNER, INC. and TIME WARNER CABLE, INC., plus awarding Plaintiff attorneys' fees, costs, expenses, disbursements, interest and such other and further relief as to this Court may deem just and proper.

Dated: New York, New York
      June 14, 2007

<div style="margin-left:40%">

Yours, etc.,
SYLVOR & RICHMAN, LLP

By: _____
    BORIS SORIN, ESQ. (BS-9689)
    Attorneys for Plaintiff
    605 Third Avenue – 15th Floor
    New York, N.Y. 10158
    (212) 972-1100

</div>

23

# EXHIBIT B

EEOC Form-5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|

**CHARGE OF DISCRIMINATION**

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To:

☐ FEPA

☒ EEOC    **520-2007-00235**

Agency(ies) Charge No(s):

**New York State Division Of Human Rights** and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Ms. Zoe Starr** | | |

| Street Address | City, State and ZIP Code |
|---|---|
| **1043 North Sierra Bonita Ave, Apt. 2, West Hollywood, CA 90046** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **TIME WARNER CABLE** | **Unknown** | **(203) 328-0600** |

| Street Address | City, State and ZIP Code |
|---|---|
| **290 Harbor Drive, Stamford, CT 06902** | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☒ RELIGION  ☐ NATIONAL ORIGIN

☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER *(Specify below.)*

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| **04-07-2006** | **04-07-2006** |

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

See attached:

NOV 01 2006.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

| Date | Charging Party Signature |
|---|---|

SYLVOR & RICHMAN, LLP

ATTORNEYS AT LAW

605 THIRD AVENUE

NEW YORK, N.Y. 10158

TELEPHONE
(212) 972-1100

FACSIMILE
(212) 983-5271

IRIS S. RICHMAN*
ROBERT SYLVOR
———
BORIS SORIN*
NANCY JEAN ROCKER†
———
COUNSEL
RICHARD L. GOLD
CARL J. MORELLI

*ALSO MEMBER OF NEW JERSEY BAR
†ALSO MEMBER OF FLORIDA BAR

NEW JERSEY OFFICE:
690 KINDERKAMACK ROAD, SUITE 300
ORADELL, N.J. 07649
TELEPHONE: (201) 262-8888
FACSIMILE: (201) 262-1288
———
WWW.SYLVORANDRICHMAN.COM

October 4, 2006

U.S. Equal Employment Opportunity Commission
33 Whitehall Street
New York, New York 10004
Attn: Spencer H. Lewis, Jr.

Re:    **Claim: Charge of Employment Discrimination**
       **Claimant: Zoe Starr**

Dear Mr. Lewis:

This firm has been retained by the aforementioned claimant to file the following claim against Time Warner Cable.

**Complaining Party:**      Zoe Starr
**Address:**                1043 North Sierra Bonita Avenue, Apt. #2,
                            West Hollywood, CA 90046

**Employer:**               Time Warner Cable
**Employer's Address:**     290 Harbor Drive
                            Stanford, CT 06902
**Number of Employees:**    85,000 +

**Description of events of the alleged violation:**

The complaining party, (hereinafter "Ms. Starr"), was employed by Time Warner Cable, at one of its offices at 290 Harbor Drive, Stanford, CT. 06902. While in the employ of Time Warner Cable, Ms. Starr was discriminated and harassed due to her Iranian decent. The management at Time Warner Cable created a hostile environment for her to work in, which included, but not limited to the following inappropriate actions: stripping Ms. Starr of her projects and responsibilities, launching a calculated defamatory campaign to bash Ms. Starr's reputation, rarely speaking to her and advising co-workers

to do the same, omitting her from important communications, excluding her from meetings and blocking her attempts to transfer within the company.

As a result of the hostility that she was forced to endure at Time Warner Cable, Ms. Starr became ill and went on long-term disability, which was approved by Time Warner Cable's insurer. While on medical leave, Ms. Starr continuously provided updates to the management of Time Warner Cable regarding her progress. In March 2006, Ms. Starr was cleared by her doctors to return to work, but was advised by Time Warner Cable via correspondence, dated April 7, 2006, that her job was no longer available to her. Time Warner Cable's failure to re-employ Ms. Starr, or to make a reasonable effort to provide comparable employment, merits scrutiny by the U.S. Equal Opportunity Commission.

Should you require any additional information, please do not hesitate to contact the undersigned. Thank you in advance for your assistance on this matter.

Sincerely,

Sylvor & Richman LLP

Boris Sorin, Esquire

**EXHIBIT C**

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

| To: | Zoe Starr<br>1043 North Sierra Bonita Ave<br>Apt. 2<br>West Hollywood, CA 90046 | From: | Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|---|---|---|---|

| | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | | |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2007-00235** | **Edward J. Ostolski,**<br>**Investigator** | **(617) 565-3214** |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| | |
|---|---|
| [ ] | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| [ ] | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| [ ] | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| [X] | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| [ ] | Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge. |
| [ ] | While reasonable efforts were made to locate you, we were not able to do so. |
| [ ] | You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged. |
| [ ] | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
| [ ] | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| [ ] | Other (briefly state) |

## - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

**Robert L. Sanders,**
**Area Office Director**

(Date Mailed)
MAR 27 2007

cc:    **TIME WARNER CABLE**
**290 Harbor Drive**
**Stamford, CT 06902**

# EXHIBIT D

Date: January 10, 2005

To: Joanne Coniglio
Fax #: 203-328-4031

From: Zoë Starr

Dear Joanne

Thank you for your call. I am making progress. However, I am still under doctor's supervision and not in a condition to return to work yet.

As for my plans    I wish to regain my health and resume my career. I would hope to be back by early April. Will it be possible to keep my position open until then, without undue hardship to the company?

Regards,

*Zoë Starr*
Zoë Starr

# EXHIBIT E

290 Harbor Drive
Stamford, CT 06902
Tel 203-351-2098
Fax 203-328-4031
joanne.coniglio@twcable.com

Sr. Manager Human Resources



# TIME WARNER
**C A B L E**

January 11, 2005

Zoe Starr
19 East 88th Street
New York, NY 10128

Dear Zoe:

I received your request dated January 10, 2005 to hold your position through April 2005. Unfortunately, we will be unable to hold your position until April. You can, however, apply for any position that is open at that time and that you are qualified for.

If you have any questions, I can be reached at 203-351-2098.

Sincerely,

Joanne K. Coniglio
Director, Human Resources

# EXHIBIT F

Jan 06

Dear Tom,

I will be ready to return to work & resume my career as early as March 1.

Please let me know how to proceed.

Thank You!

Zöe Starr

Feb 24, 06

Dear Tom,

Hope you are well. I am following up on the letter I sent you in January regarding being able to return to work as early as March 1st.

I have not heard anything back from you, and I can only conclude that there are no positions available at this time. If so, please let me know.

Also, it appears that HBO is looking for Director of Home Video, which is something that I would be interested in.

Thank you Tom. Looking forward to hearing from you.

Best,
Eric Starr

**Zoë Starr**
212.784.9863 | zoecstarr@aol.com

Tom Mathews
Time Warner Cable
7910 Crescent Executive Drive
Charlotte, NC 28217


March 29, 2006


Dear Tom,

I hope you are well. Unfortunately, after my numerous letters regarding being able to return to work, I still have not heard from you.

My last letter of Feb 24 to you, was followed by a phone message by Joanne Coniglio in March, stating that you had forwarded my note to her.

I had a series of bullying, threatening and harassing letters and messages from Ms. Coniglio during the time that I was dealing with critical health issues and was on disability. Her actions were extremely distressing and further debilitating. I have been advised not to have any contact with her or anyone that guided her on those actions.

I was directly communicating with you, as I was hoping that such actions were not endorsed by the entire company. By sending my case back to Ms. Coniglio, I am assuming that those actions are endorsed and that there are no positions for me at Time Warner.

Also, it appears that my pursuit to seek employment has been intentionally hampered by the company, which I further find distressing.


Sincerely,

Zoë Starr


Cc:  Marc Apfelbaum - Time Warner Cable
     Robert Sylvor, Esq.

# EXHIBIT G

7910 Ector Drive
Charlotte, NC 28217
Tel 704-731-3458
Fax 704-731-1196
tom.mathews@twcable.com

Tom Mathews
Senior Vice President
Human Resources



**TIME WARNER**
**C A B L E**

April 7, 2006

Zoë Starr
19 East 88th Street, Apt. 3A
New York, NY 10128

Dear Zoë:

I have received your letter of March 29 concerning your ability to return to work. As you know, because your leave began in August 2004 and you were not able to return to work until March 1, 2006, the Company was under no obligation to hold open your position, and due to a restructuring in 2005, that position no longer exists.

As you mention in your letter, I forwarded your February 24 letter to Joanne Coniglio, Director of Human Resources in Stamford, for handling. Joanne is responsible for Human Resources in our Stamford office and it is entirely appropriate that she would handle your inquiry. In response to the letter, she called to inform you that there was an open position in the Marketing Department which you could apply for, along with any other open positions on the Time Warner website. Contrary to your assertion that the Company has somehow indicated to you that there are no positions for you at Time Warner, you were told that you could apply for any open positions for which you are qualified. In no way has your "pursuit to seek employment . . . been intentionally hampered by the company." If you are interested in any open positions, you are invited to follow the ordinary application procedures.

Turning to your concerns about communications from Joanne in connection with your disability leave, I am extremely confident that all of Joanne's communications concerning your rights and obligations under Company procedures and the law were entirely appropriate and cannot be characterized as "bullying, threatening [or] harassing." However, should you have any further questions about applying for jobs with Time Warner, in lieu of contacting Joanne, you may contact Michele Roth, Vice President of Corporate Human Resources at 704-731-3115.

Sincerely,

Tom Mathews

TM/jb

Cc:   Kevin Smith
      Michele Roth