SYLVOR & RICHMAN, LLP

ATTORNEYS AT LAW

605 THIRD AVENUE

NEW YORK, N.Y. 10158

TELEPHONE
(212) 972-1100

FACSIMILE
(212) 983-5271

IRIS S. RICHMAN*
ROBERT SYLVOR

BORIS SORIN*
NANCY JEAN ROCKER†

COUNSEL
RICHARD L. GOLD
CARL J. MORELLI

*ALSO MEMBER OF NEW JERSEY BAR
†ALSO MEMBER OF FLORIDA BAR

NEW JERSEY OFFICE:
690 KINDERKAMACK ROAD, SUITE 300
ORADELL, N.J. 07649
TELEPHONE: (201) 262-8888
FACSIMILE: (201) 262-1288

WWW.SYLVORANDRICHMAN.COM

October 4, 2006

U.S. Equal Employment Opportunity Commission
33 Whitehall Street
New York, New York 10004
Attn: Spencer H. Lewis, Jr.

      Re:   **Claim: *Charge of Employment Discrimination*** 
              **_Claimant: Zoe Starr_**

Dear Mr. Lewis:

This firm has been retained by the aforementioned claimant to file the following claim against Time Warner Cable.

| | |
|---|---|
| **Complaining Party:** | Zoe Starr |
| **Address:** | 1043 North Sierra Bonita Avenue, Apt. #2, West Hollywood, CA 90046 |
| **Employer:** | Time Warner Cable |
| **Employer's Address:** | 290 Harbor Drive Stanford, CT 06902 |
| **Number of Employees:** | 85,000 + |

**Description of events of the alleged violation:**

The complaining party, (hereinafter "Ms. Starr"), was employed by Time Warner Cable, at one of its offices at 290 Harbor Drive, Stanford, CT. 06902. While in the employ of Time Warner Cable, Ms. Starr was discriminated and harassed due to her Iranian decent. The management at Time Warner Cable created a hostile environment for her to work in, which included, but not limited to the following inappropriate actions: stripping Ms. Starr of her projects and responsibilities, launching a calculated defamatory campaign to bash Ms. Starr's reputation, rarely speaking to her and advising co-workers

SYLVOR & RICHMAN, LLP

to do the same, omitting her from important communications, excluding her from meetings and blocking her attempts to transfer within the company.

As a result of the hostility that she was forced to endure at Time Warner Cable, Ms. Starr became ill and went on long-term disability, which was approved by Time Warner Cable's insurer. While on medical leave, Ms. Starr continuously provided updates to the management of Time Warner Cable regarding her progress. In March 2006, Ms. Starr was cleared by her doctors to return to work, but was advised by Time Warner Cable via correspondence, dated April 7, 2006, that her job was no longer available to her. Time Warner Cable's failure to re-employ Ms. Starr, or to make a reasonable effort to provide comparable employment, merits scrutiny by the U.S. Equal Opportunity Commission.

Should you require any additional information, please do not hesitate to contact the undersigned. Thank you in advance for your assistance on this matter.

Sincerely,

Sylvor & Richman LLP

Boris Sorin, Esquire