## SYLVOR & RICHMAN, LLP

ATTORNEYS AT LAW

605 THIRD AVENUE

NEW YORK, N.Y. 10158

TELEPHONE
(212) 972-1100

FACSIMILE
(212) 983-5271

IRIS S. RICHMAN*
ROBERT SYLVOR

BORIS SORIN*
NANCY JEAN ROCKER†

COUNSEL
RICHARD L. GOLD
CARL J. MORELLI

*ALSO MEMBER OF NEW JERSEY BAR
†ALSO MEMBER OF FLORIDA BAR

NEW JERSEY OFFICE:
690 KINDERKAMACK ROAD, SUITE 300
ORADELL, N.J. 07649
TELEPHONE: (201) 262-8888
FACSIMILE: (201) 262-1288

WWW.SYLVORANDRICHMAN.COM

April 3, 2007

U.S. Equal Employment Opportunity Commission
John F. Kennedy Federal Building
Government Center
Fourth Floor - Room 475
Boston, MA 02203
Attn: Robert L. Sanders

      *Re:*    *Charge No. 520-2007-00235*
                *Starr v. Time Warner Cable*

Dear Mr. Sanders:

      This firm represents Zoe Starr in her claim against Time Warner Cable. Please allow this letter to serve as an appeal to the EEOC's March 27, 2007 decision, investigated by Edward Ostoski, regarding the above-referenced matter. *Attached as Exhibit "A."* Ms. Starr appeals the decision on the grounds that Ms. Starr timely filed her claim against Time Warner with the EEOC.

      It should be noted at the onset that Time Warner did not copy the undersigned counsel its December 18, 2006 opposition letter to the EEOC. Counsel received a copy of that letter after a request was recently made to the EEOC and a copy was provided on March 23, 2007. Before counsel had the opportunity to reply to Time Warner's letter, a decision was rendered by Mr. Ostoski. This letter is Ms. Starr's first opportunity to respond to Time Warner's claims.

*Statement of Relevant Facts*

      Ms. Starr was employed by Time Warner Cable, at one of its offices at 290 Harbor Drive, Stanford, CT. 06902. While in the employ of Time Warner Cable, Ms. Starr was discriminated and harassed due to her Iranian decent. The management at Time Warner Cable created a hostile environment for her to work in, which included, but

SYLVOR & RICHMAN, LLP

not limited to the following inappropriate actions: stripping Ms. Starr of her projects and responsibilities, launching a calculated defamatory campaign to bash Ms. Starr's reputation, rarely speaking to her and advising co-workers to do the same, omitting her from important communications, excluding her from meetings and blocking her attempts to transfer within the company.

As a result of the hostility that she was forced to endure at Time Warner Cable, Ms. Starr became ill and went on long-term disability, which was approved by Time Warner Cable's insurer. While on medical leave, Ms. Starr continuously provided updates to the management of Time Warner Cable regarding her progress. In March 2006, Ms. Starr was cleared by her doctors to return to work, but was advised by Time Warner Cable via correspondence, dated April 7, 2006, that her job was no longer available to her. *Attached as Exhibit "B."*

Mr. Ostoski incorrectly determined that Ms. Starr's claim with the EEOC is time-barred based on Time Warner's representation that Ms. Starr alleged received notice of her termination on or about January 11, 2005.

### *Statute of Limitations: Notice of Termination*

In *Rivera-Muriente v. Agosto-Alicea, 959 F.2d 349 C.A.1 (Puerto Rico 1992)*, the Court stated that in employment discrimination cases involving wrongful discharges the statute of limitations begins to run when the plaintiff learns of the decision to terminate his or her employment. The Court further stated that that the employer must unambiguously indicate that a final termination decision has been reached.

In the case at bar, Time Warner alleges that Ms. Starr received notice of her alleged termination of employment via correspondence, dated January 11, 2005. *Attached as Exhibit "C."* Mr. Ostoski incorrectly determined that the statute of limitations for Ms. Starr to file her grievance with the EEOC against Time Warner started running on that date. The January 11, 2005 letter is not a notice of termination. The letter states as follows:

> I received your request on January 10, 2005 to hold your position through April 2005. Unfortunately, we will be unable to hold your position until April. You can, however, apply for any position that is open at that time and that you are qualified for.

It is more than apparent that there is absolutely no language in the letter that would indicate that Ms. Starr's employment with the company terminated on January 10, 2005. For example, the letter does not request that Ms. Starr clean out her office, instruct her when and where to return her keys and identification card, instruct her to contact human resources for information regarding COBRA insurance, provide information regarding her 401 K plan, etc. Time Warner merely stated that the position that Ms. Starr had with the company, prior to going on disability, would not be available to her and welcomed her to apply for another position. Encouraging an employee to apply for

2

SYLVOR & RICHMAN, LLP

another job within the company cannot be construed as a termination letter. Contrary to Time Warner's allegations, Ms. Starr was not terminated on January 10, 2005.

Further evidence that Ms. Starr was not terminated as Time Warner alleges can be found in a December 4, 2006 letter that Ms. Starr received from the company. *Attached as Exhibit "D."* The letter stated that that Ms. Starr would no longer be receiving long term disability under the company's policy and that she "reached the maximum coverage for disability effective 11/29/06." Notably, the letter does not indicate that Ms. Starr's employment terminated on January 10, 2005. However, assuming *arguendo*, that January 10, 2005 is the controlling date of her alleged termination Ms. Starr would have been covered under the company's insurance policy for approximately twenty-three (23) months *after* her purported termination. Time Warner must be compelled to explain whether such "extended" insurance coverage is generally afforded to "former" employees.

Based on the foregoing, Time Warner's reliance on the January 10, 2005 letter to serve as a notice of termination to Ms. Starr is misplaced. Mr. Ostoski should not have accepted this date to bar Mrs. Starr from pursuing her claim against Time Warner with the EEOC.

### *Statute of Limitations: Serial Violation*

In *LeGoff v. Trustees of Boston University*, the Court stated that "[t]here are essentially two kinds of continuing violations: systemic and serial. A serial violation is one 'composed of a number of discriminatory acts emanating from the same discriminatory animus, each constituting a separate wrong.' This type of 'violation' is 'continuing' by virtue of the fact that it keeps happening' against the same individual. A systemic violation, by contrast, 'has roots in a discriminatory policy or practice; so long as the policy or practice itself continues into the limitation period, a challenger may be deemed to have filed a timely complaint.' *23 F.Supp.2d 120 (Dist. Mass. 1998)*.

In the case at bar, Time Warner's continued discriminatory practice against Ms. Starr is a "serial violation." After Ms. Starr was medically cleared to return to work Time Warner failed to assign her to a different position within the company after her original position was not held for her during her disability. Ms. Starr's efforts to find a new position within Time Warner were intentionally hampered by the company as she was subject to the same treatment that she was forced to endure prior to going on disability. In a letter, dated April 7, 2006, Time Warner addressed Ms. Starr's concerns. *Attached as Exhibit "B."* Accordingly, Time Warner's "serial" discriminatory practice against Ms. Starr rights continued up to, and including, April 7, 2006. Accordingly, Ms. Starr's October 4, 2006 notice of claim to the EEOC was filed timely, within the requisite 300 day period, and should not have been dismissed.

SYLVOR & RICHMAN, LLP

      Ms. Starr respectfully requests that the March 27, 2007 decision of the EEOC be dismissed in its entirety.

                                  Sincerely,

                                  Sylvor & Richman LLP

                                  Boris Sorin, Esquire