UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ZOHREH STARR a/k/a ZOE STARR,

                Plaintiff,

    - against -

                                     07-CV-5871 (DC)

TIME WARNER INC. and TIME WARNER
CABLE INC.,

                Defendant(s).

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANT'S REPLY MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT

Richard Reice (RR-8874)
Anjanette Cabrera (AC-3922)
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500

Attorneys for Defendants Time Warner, Inc. and Time Warner Cable, Inc.

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT .......................................................................................... 1

ARGUMENT ........................................................................................................................ 2

    I.    TIME WARNER, INC. IS AN IMPROPER PARTY AND PLAINTIFF DOES NOT OPPOSE THIS FACT ................................................................. 2

    II.    PLAINTIFF'S TITLE VII, ADA AND FMLA CLAIMS MUST BE DISMISSED BECAUSE THEY ARE TIME BARRED ........................................ 2

        A.    Plaintiff's Title VII And ADA Claims Are Untimely Because She Failed To Comply With The 300-Day Filing Period ............................................ 2

        B.    Plaintiff's FMLA Claim Is Untimely Because She Failed To Comply With The Applicable Two Year Statute Of Limitations ........................... 5

    III.    PLAINTIFF'S CLAIMS FOR NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS MUST BE DISMISSED ................ 5

        A.    Plaintiff's Claim For Negligent Infliction Of Emotional Distress Must Be Dismissed Because Plaintiff Has Not Identified Any Unreasonable Conduct Occurring At The Time Of Her Termination ............................ 5

        B.    Plaintiff's Claim For Intentional Infliction Of Emotional Distress Must Be Dismissed Because Plaintiff Has Not Identified Any Extreme And Outrageous Conduct ................................................................................. 7

CONCLUSION ..................................................................................................................... 9

NY1 26485984.1

## **TABLE OF AUTHORITIES**

### **FEDERAL CASES**

Allen v. Egan,
    303 F. Supp. 2d 71 (D. Conn. 2004)...............................................................................8

Cameron v. St. Francis Hosp. and Med. Center,
    56 F. Supp. 2d 235 (D. Conn. 1999)...............................................................................6

Edwards v. Comm. Enter., Inc.,
    251 F. Supp. 2d 1089 (D. Conn. 2003)...........................................................................6

John v. New York City Dep't of Educ.,
    No. 04 Civ. 5861 (NRB), 2006 WL 2482622 (S.D.N.Y. Aug. 29, 2006) .....................3, 5

Miner v. Town of Cheshire,
    126 F. Supp. 2d 184 (D. Conn. 2000).............................................................................8

Nance v. M.D. Health Plan, Inc.,
    47 F. Supp. 2d 276 (D. Conn. 1999)...............................................................................6

Riddle v. Liz Claiborne, Inc.,
    Nos. 00 Civ. 1374 & 03 Civ. 8798 (SAS),
    2006 WL 3057289 (S.D.N.Y. Oct. 27, 2006)..................................................................5

Sanche v. Orbanco, Inc.,
    876 F.2d 897 (9th Cir. 1989) ..........................................................................................3

Walsh v. Walgreeen Eastern Co., Inc.,
    No. 03 Civ. 1609 (WWE), 2004 WL 722226 (D. Conn. Mar. 25, 2004) ........................6

### **STATE CASES**

Appleton v. Board of Educ.,
    254 Conn. 205, 757 A.2d 1059 (2000) ...........................................................................7

Barret v. Danbury Hosp.,
    232 Conn. 242 (1995) .....................................................................................................6

Dubowsky v. New Britain Gen. Hosp.,
    2006 WL 1230006 (Super. Ct. Apr. 13, 2006) ................................................................6

Kontos v. Laurel House, Inc.,
    2007 WL 429624 (Super. Ct. Jan. 17, 2007) ..................................................................5

Noonan v. Miller Memorial Comm. Home, Inc.,
    50 Conn. Supp. 367 (Super. Ct. 2007)..................................................................................6

Nwachukwu v. Conn. Dep't of Labor.,
    1998 WL 123073 (Super. Ct. Mar. 4, 1998).........................................................................8

Perodeau v. Hartford,
    259 Conn. 729 (2002) ......................................................................................................6, 7

Sekas v. Enginunity PLM, LLC,
    2007 WL 1892675 (Super. Ct. June 6, 2007) .......................................................................7

## FEDERAL STATUTES

42 U.S.C. § 1983.................................................................................................................................3

18 U.S.C. § 1514A..............................................................................................................................3

29 U.S.C. § 2617(c)(1)........................................................................................................................5


Defendants Time Warner, Inc. ("Time Warner") and Time Warner Cable, Inc. ("Time Warner Cable") submit this Reply Memorandum of Law in Further Support of its Motion to Dismiss the Complaint, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[1]

## PRELIMINARY STATEMENT

Ironically, Plaintiff's Opposition confirms, rather than disputes, many of the points Time Warner Cable made in its Memorandum of Law in Support of its Motion to Dismiss the Complaint. Specifically, Plaintiff's Opposition establishes that: (1) at no time was she an employee of Time Warner, Inc., rendering Time Warner, Inc. an improper party to this action; (2) her employment did not have any significant contact with New York City or New York State, rendering Connecticut the appropriate forum to govern this action; (3) the statute of limitations on Plaintiff's claims under federal law began to run when she was first put on notice of her termination by letter dated January 11, 2005; and (4) her claims for negligent and intentional infliction of emotional distress are impermissibly premised on innocuous conduct occurring well before the termination of her employment.

All told, Plaintiff's Opposition fails to set forth any cause of action for which relief can be granted. Because Plaintiff's claims are both untimely and unsupportable as a matter of law, Time Warner Cable respectfully requests that this Court grant its motion to dismiss the complaint in its entirety.

---

[1] Plaintiff's Memorandum of Law in Opposition to Time Warner's Motion will be referred to as "Pl. Mem."; Time Warner's Memorandum of Law in Support of Its Motion to Dismiss the Complaint will be referred to as "Time Warner Mem." Copies of all exhibits cited herein are annexed to the Declaration of Richard Reice, dated August 6, 2007 ("Reice Decl. Exh."), and submitted in connection with the Time Warner Mem.

## ARGUMENT

### I. TIME WARNER, INC. IS AN IMPROPER PARTY AND PLAINTIFF DOES NOT OPPOSE THIS FACT

Plaintiff does not even attempt to dispute Time Warner's assertion that Time Warner, Inc. is an improper party to this action. In fact, Plaintiff's Opposition begins with an acknowledgment that Plaintiff was a former employee of Time Warner Cable and makes no mention of Time Warner, Inc. at all. (Pl. Mem. 1-2). Furthermore, Plaintiff continues to attribute all instances of alleged misconduct to Time Warner Cable alone. Accordingly, and as more fully explored in Time Warner's Memorandum of Law, because the Complaint fails to allege any relationship between Time Warner Cable and Time Warner, Inc. or between Time Warner, Inc. and Plaintiff, Time Warner, Inc. is an improper party and the Complaint must be dismissed as against it.

### II. PLAINTIFF'S TITLE VII, ADA AND FMLA CLAIMS MUST BE DISMISSED BECAUSE THEY ARE TIME BARRED

Plaintiff's Opposition fails to offer the Court any compelling reason to disregard the fact that Plaintiff received notice on January 11, 2005 that she would no longer have a position with Time Warner Cable, and delay the running of the statute of limitations to a later date. Accordingly, Plaintiff's claims under Title VII, the ADA, and the FMLA are time-barred and should be dismissed.

#### A. Plaintiff's Title VII And ADA Claims Are Untimely Because She Failed To Comply With The 300-Day Filing Period

Plaintiff's claims under Title VII and the ADA are untimely under the 300-day limitations period prescribed in each statute. In an effort to avoid the claim precluding impact of these limitations periods, Plaintiff makes two suspect contentions: first, that she did not receive notice of her termination until April 7, 2006, rather than January 11, 2005, the date on which

NY1 26485984.1

Time Warner Cable informed her that she no longer had a position with the company; and second, that she filed her charge with the EEOC on October 4, 2006, rather than November 24, 2006, the date the EEOC acknowledged receipt of her charge. (Pl. Mem. 4-7). Because each of these contentions, and the arguments premised thereon, are meritless, Plaintiff's claims remain untimely and should be dismissed forthwith.[2]

Plaintiff attempts to delay the commencement of the 300-day statute of limitations by arguing that she did not receive notice of her termination until April 7, 2006, rather than January 11, 2005, rendering her November 24, 2006 charge of discrimination timely. (Pl. Mem. 7). As an initial matter, Plaintiff, perhaps unhappy with its content, entirely ignores the EEOC's March 27, 2007 determination that the January 11, 2005 letter constituted her notice of termination, and that her claims under Title VII and the ADA were therefore untimely. (Reice Decl. Exh. C). Plaintiff also attempts to side-step the importance of the January 11, 2005 letter, by relying on an entirely inapplicable Ninth Circuit decision. (Pl. Mem. 6, citing Sanche v. Orbanco, Inc., 876 F.2d 897 (9th Cir. 1989)). However, no such authority exists in the Second Circuit and it is respectfully submitted that Time Warner Cable's offer to treat Plaintiff like any other applicant in no way detracted from the effect of the January 11 termination notice.

Moreover, Plaintiff conveniently ignores the fact that Time Warner Cable's January 11, 2005 letter was in direct response to her pointed January 10, 2005 inquiry about the availability of her position. Plaintiff's request was clear and left no room for interpretation: "Will it be possible to keep my position open until then [April], without undue hardship to the company?"

---

[2] We also note that Plaintiff offers the Court a host of case law from the First, Seventh and Ninth Circuits, deciding statute of limitations issues under 42 U.S.C. § 1983, 18 U.S.C. § 1514A, and the Age Discrimination in Employment Act, respectively. (Pl. Mem. 4-6). Determinatively, Plaintiff offers no Second Circuit authority in support of her position. Accordingly, given the non-precedential value of any of the opinions cited by Plaintiff, this Court's decision continues to be guided by John v. New York City Dep't of Educ., which requires that the statute of limitations in Title VII and ADA cases run from receipt of the notice of termination. See John, 2006 WL 2482622, at *5 (S.D.N.Y. Aug. 29, 2006).

3

(Reice Decl. Exh. C). To which Time Warner Cable responded: "Unfortunately, we will be unable to hold your position until April." (Reice Decl. Exh. E). The responsive nature of the January 11, 2005 letter accounts for its brevity and eliminated any ambiguity currently alleged by the Plaintiff.

As a final matter, Plaintiff misdirects the Court's attention to a series of communications between Time Warner Cable and Plaintiff following the January 11, 2005 notice of termination, as "further evidence that [she] was not terminated on January 11, 2005." (Pl. Mem. 7). However, as is plainly evident, each of Time Warner Cable's letters were merely responsive to Plaintiff's and concerned issues such as outstanding expense reports and an owing bonus, (Pl. Aff. Exh. G), and the need for her resume if she wished to secure a position with Time Warner Cable, (Pl. Aff. Exh. I), neither of which have even a tangential bearing on whether she remained employed at that time. Plaintiff also places great weight on her receipt of benefits information by letter dated November 7, 2005. (Pl. Aff. Exh. L). Again, however, Plaintiff's argument is misplaced: Plaintiff was a recipient of long-term-disability benefits at the time of that letter, and thus, as a matter of course, received benefit information despite her non-employment with Time Warner Cable.

As a result, the unassailable facts establish that Plaintiff received notice of her termination on January 11, 2005 and filed her charge on November 24, 2006.[3] The expiration of 680 days precludes Plaintiff's claims under Title VII and the ADA and warrants their immediate dismissal. See, e.g., John, 2006 WL 2482622, at *5.

---

[3] While Plaintiff disingenuously and repeatedly refers to October 4, 2006 as the date on which she filed her charge with the EEOC, the EEOC did not receive her charge until November 24, 2006, more than 680 days after the allegedly discriminatory event. (Reice Decl. Exh. C). The October 4, 2006 "charge" to which Plaintiff repeatedly directs the Court's attention is only a letter to the EEOC from her attorney that was merely attached to her charge, first filed with the EEOC on November 24, 2006. Accordingly, Time Warner Cable respectfully submits that November 24, 2006 is the only documented and reliable date.

4

B.  **Plaintiff's FMLA Claim Is Untimely Because She Failed To
Comply With The Applicable Two Year Statute Of Limitations**

Plaintiff relies on a similarly misplaced argument in an effort to save her FMLA claim from dismissal for failure to comply with the applicable two-year statute of limitations. See 29 U.S.C. § 2617(c)(1). Again, Plaintiff argues that the April 7 letter, and not the January 11 notice of termination, prompted the running of the two-year statute of limitations. (Pl. Mem. 8). However, for substantially the same reasons set forth in Point I, A, supra, Plaintiff's claim in this regard misrepresents the January 11, 2005 letter, which unequivocally stated that she no longer had a position with Time Warner Cable, and misrepresents the other correspondence between her and Time Warner Cable, which undeniably had no bearing on her employment status. (Reice Decl. Exh. E). Accordingly, Plaintiff's claims under the FMLA are untimely and should be dismissed. See 29 U.S.C. § 2617(c)(1); see also Riddle v. Liz Claiborne, Inc., Nos. 00 Civ. 1374 & 03 Civ. 8798 (SAS), 2006 WL 3057289, at *9 (S.D.N.Y. Oct. 27, 2006).

III.  **PLAINTIFF'S CLAIMS FOR NEGLIGENT AND INTENTIONAL
INFLICTION OF EMOTIONAL DISTRESS MUST BE DISMISSED**

A.  **Plaintiff's Claim For Negligent Infliction Of Emotional Distress
Must Be Dismissed Because Plaintiff Has Not Identified Any
Unreasonable Conduct Occurring At The Time Of Her Termination**

As an initial matter, Plaintiff attempts to stave off dismissal of her claim for negligent infliction of emotional distress with an extensive yet rather curious analysis of the case law guiding the Court's decision on this claim. In her Opposition, Plaintiff cites a variety of cases all of which – surprisingly – directly support Time Warner Cable's position. (Pl. Mem. 8-13). Specifically, each of the cases cited by Plaintiff require that the conduct upon which a negligent infliction claim is premised occur during the termination process and not, importantly, during the course of the employment relationship. See Kontos v. Laurel House, Inc., 2007 WL 429624, at *6 (Super. Ct. Jan. 17, 2007) ("[C]ourts must asses the circumstances and conduct surround the

termination…"); Dubowsky v. New Britain Gen. Hosp., 2006 WL 1230006, at *6 (Super. Ct. Apr. 13, 2006) (dismissing claim because "[n]o unreasonable conduct in the termination process is alleged"); Noonan v. Miller Memorial Comm. Home, Inc., 50 Conn. Supp. 367, 372 (Super. Ct. 2007) (same); Edwards v. Comm. Enter., Inc., 251 F. Supp. 2d 1089, 1105 (D. Conn. 2003) (same); Nance v. M.D. Health Plan, Inc., 47 F. Supp. 2d 276, 279-80 (D. Conn. 1999) (same); Cameron v. St. Francis Hosp. and Med. Center, 56 F. Supp. 2d 235, 241 (D. Conn. 1999).

Here, Plaintiff makes no allegation concerning any conduct, much less any unreasonable conduct,[4] occurring at the time of her termination as required by well-settled law. Specifically, Plaintiff premises her claim solely on her allegations that she was "constantly harassed at work, was excluded from professional meetings, conferences and other related activities, excluded from Time Warner Cable sponsored activities, including social and recreational programs and was purposeful excluded from certain privileges of employment." Plainly, under the standards cited in Plaintiff's own brief, her claim cannot survive.[5] (Pl. Mem. 9; Compl. ¶¶ 167-70).

Though its relevance to the disposition of Plaintiff's instant claim is lost on Time Warner Cable, it nevertheless merits mention that Plaintiff's reading of the Supreme Court of Connecticut's decision in Perodeau v. Hartford, 259 Conn. 729 (2002), is at best, in error, and at worst, a deliberate misrepresentation before this Court. (Pl. Mem. 12). Incredibly, Plaintiff

---

[4] Plaintiff only addresses this element of her claim in passing, conclusorily alleging that the conduct identified above meets the requisite standard of unreasonableness. (Pl. Mem. 9-10). Of course, Connecticut case law contemplates conduct that rises to a much more extreme degree of outrageousness before imposing liability. See Barret v. Danbury Hosp., 232 Conn. 242, 260-61 (1995); see also Walsh v. Walgreen Eastern Co., Inc., No. 03 Civ. 1609 (WWE), 2004 WL 722226, at *2 (D. Conn. Mar. 25, 2004) (reciting the well-settled standard that the conduct must be "humiliating, extreme or outrageous").

[5] While Plaintiff does offer the conclusory statement that "the allegations in her complaint arose out of the 'termination of employment process,'" given the specific instance of conduct identified, all of which occurred during the course of her employment, this allegation is clearly undeserving of any weight. (Pl. Mem. 12).

6

states that <u>Perodeau</u> "only bars a cause of action for negligent infliction of emotional distress when the Plaintiff resigns from employment, not when he or she is terminated."[6] (Pl. Mem. 12). Quite to the contrary, <u>Perodeau</u> stands for well-settled proposition – identical to that advanced by Time Warner Cable here and repeatedly emphasized by a plethora of Connecticut decisions – that a claim for negligent infliction of emotional distress may not be premised on conduct occurring during the course of employment. See <u>Perodeau</u>, 259 Conn. at 729. Accordingly, even the most creative reading of <u>Perodeau</u> would not afford it the interpretation argued for by Plaintiff here.

Because Plaintiff has neither identified unreasonable conduct, much less unreasonable conduct occurring during her termination, Plaintiff's claim for negligent infliction of emotional distress must be dismissed.

### B. Plaintiff's Claim For Intentional Infliction Of Emotional Distress Must Be Dismissed Because Plaintiff Has Not Identified Any Extreme And Outrageous Conduct

Plaintiff's attempt to avoid dismissal of her claim for intentional infliction of emotional distress is equally misguided. While Plaintiff correctly sets forth the necessary elements for her claim, Plaintiff fails to recognize that the conduct she was allegedly subjected to must be "so outrageous in character, so extreme in degree, as to go beyond all possible bounds of decency, [] to be regarded as atrocious, and utterly intolerable in a civilized community." See, e.g., <u>Appleton v. Board of Educ.</u>, 254 Conn. 205, 211, 757 A.2d 1059, 1063 (2000). Indeed, Plaintiff fails to distinguish the alleged and garden-variety discriminatory conduct she supposedly

---

[6] Plaintiff's misunderstanding of <u>Perodeau</u> appears to arise from a similar misunderstanding of <u>Sekas v. Enginunity PLM, LLC</u>, 2007 WL 1892675, at *6-7 (Super. Ct. June 6, 2007). In <u>Sekas</u>, the actually held that <u>Perodeau</u> <u>did not</u> bar a claim for negligent infliction of emotional distress when an employee resigned because, arguably, the resignation could have occurred as a result of events tied to a termination process. See id. Accordingly, Plaintiff's extensive quotes and misguided analysis of the <u>Sekas</u> decision are, plainly, wrong.

7

encountered at Time Warner Cable from the discriminatory conduct found entirely insufficient to support a claim for intentional infliction of emotional distress in the bulk of cases cited by Time Warner Cable.  See, e.g., Allen v. Egan, 303 F. Supp. 2d 71, 77-78 (D. Conn. 2004) (finding allegations of discriminatory conduct insufficient to support claim for intentional infliction of emotional distress); Miner v. Town of Cheshire, 126 F. Supp. 2d 184, 198 (D. Conn. 2000) (same).

Rather than address the extensive authority cited by Time Warner Cable, Plaintiff relies on Nwachukwu v. Conn. Dep't of Labor., 1998 WL 123073 (Conn. Super. Mar. 4, 1998), in a minimal effort to support her claim.  (Pl. Mem. 14-15).  Plaintiff's reliance is misplaced, however, since the discriminatory conduct found sufficient to survive a motion to strike in Nwachukwu included overt public embarrassments, repeated criticisms of work performance, imposition of arbitrary work requirements, unwarranted written reprimands, explicit and racially charged statements, and the physical segregation of the plaintiff from her white counterparts. See id. at 1.  The conduct complained of by Plaintiff here – including the alleged removal of her responsibilities and the supposed exclusion from meetings – is a far cry from the conduct found sufficient to withstand a motion to strike there.[7]  (Pl. Mem. 15).

Because the conduct alleged by Plaintiff does not even approach the requisite threshold for establishing a claim of intentional infliction of emotional distress, Plaintiff's claim must be dismissed.

---

[7] It seems inconsistent that despite this alleged conduct, Plaintiff remained eager to return to any position with Time Warner following the conclusion of her absence.  (Reice Decl. Exh. F).

8

## **CONCLUSION**

For the foregoing reasons and for those set forth in Time Warner Cable's initial Memorandum of Law, this Court should dismiss the Complaint in its entirety with prejudice.

Dated: New York, New York
October 4, 2007

Respectfully submitted,

SEYFARTH SHAW LLP

By /s/ Richard Reice
    Richard Reice (RR-8874)
    Anjanette Cabrera (AC-3922)

    620 Eighth Avenue
    New York, New York 10018
    Tel: (212) 218-5500
    Fax: (212) 218-5526

    Attorneys for Defendants Time Warner, Inc. and Time Warner Cable, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ZOHREH STARR a/k/a ZOE STARR,

                Plaintiff,

   - against -

                                    07-CV-5871 (DC)

TIME WARNER INC. and TIME WARNER
CABLE INC.,

                Defendant(s).

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## CERTIFICATE OF SERVICE

I hereby certify on that on October 4, 2007, I caused a copy of Defendant's Reply Memorandum of Law In Further Support Of Its Motion To Dismiss The Complaint to be served upon the following counsel of record using the CM/ECF system, which sent notification to the following counsel of record:

        Boris Sorin, Esq.
        SYLVOR & RICHMAN, LLP
        605 Third Avenue- 15th Floor
        New York, NY  10158
        Attorneys for Plaintiff

                                                   /s/ Richard Reice
                                       By:  Richard M. Reice (RR-8874)
                                       620 Eighth Avenue
                                       New York, New York 10018-1405
                                       (212) 218-5500

                                       Attorneys for Defendants
                                       Time Warner, Inc. and Time Warner Cable, Inc.

NY1 26485984.1