UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZOHREH STARR a/k/a ZOE STARR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 07-CV-5871 (DC) |
| v. ) | |
| ) | |
| ) | **DEFENDANT'S ANSWER AND** |
| TIME WARNER, INC. and TIME WARNER ) | **AFFIRMATIVE DEFENSES** |
| CABLE, INC., ) | |
| ) | |
| Defendant(s). ) | |

Defendant, Time Warner Cable, Inc. ("Time Warner" or "Defendant")[1], by and through its attorneys, Seyfarth Shaw LLP, answers and responds to the Complaint of Plaintiff Zohreh Starr a/k/a Zoe Starr, ("Starr" or "Plaintiff") as follows:

## I. JURISDICTION & VENUE

1.  Paragraph 1 of the Complaint asserts pure legal conclusions to which no response is required. To the extent a response is required, Time Warner denies the allegations in paragraph 1 of the Complaint.

2.  Time Warner admits the truth of the allegations contained in paragraph 2 of the Complaint.

3.  Time Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and therefore denies the same.

4.  Time Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and therefore denies the same.

---

[1] Time Warner, Inc. was dismissed as a defendant in this action by the Honorable Judge Denny Chin's Order, dated November 21, 2007 ("Judge Chin's Order"), along with the First, Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Causes of Action.

5. Time Warner admits the truth of the allegations contained in paragraph 5 of the Complaint.

6. Time Warner denies the truth of the allegations contained in paragraph 6 of the Complaint, except to admit that Time Warner Cable is a "subsidiary" of Time Warner, Inc..

7. Time Warner admits the truth of the allegations contained in paragraph 7 of the Complaint.

8. Time Warner admits that Plaintiff contends that New York, New York is the proper venue.

## II. STATEMENT OF RELEVANT FACTS

9. Time Warner repeats and reasserts its responses to the allegations alleged in paragraphs 1 through 8 of the Complaint as if fully set forth herein.

10. Time Warner admits the truth of the allegations contained in paragraph 10 of the Complaint.

11. Time Warner denies the allegations contained in paragraph 11 of the Complaint.

12. Time Warner denies the allegations contained in paragraph 12 of the Complaint.

13. Time Warner denies the allegations contained in paragraph 13 of the Complaint.

14. Time Warner denies the allegations contained in paragraph 14 of the Complaint.

15. Time Warner denies the allegations contained in paragraph 15 of the Complaint.

16. Time Warner denies the allegations contained in paragraph 16 of the Complaint.

17. Time Warner denies the allegations contained in paragraph 17 of the Complaint.

18. Time Warner denies the allegations contained in paragraph 18 of the Complaint.

19. Time Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and therefore denies the same.

20. Time Warner admits the truth of the allegations contained in paragraph 20 of the Complaint.

21. Time Warner denies the truth of the allegations contained in paragraph 21 of the Complaint, except to admit that Plaintiff was placed on long-term disability leave and continued to receive medical coverage from time to time during her leave.

22. Time Warner denies the truth of the allegations contained in paragraph 22 of the Complaint, except to admit that Time Warner's [INSURANCE?] carrier covered various aspects of Plaintiff's medical treatment.

23. Time Warner denies the allegations contained in paragraph 23 of the Complaint, except admits that Plaintiff provided medical documentation at the very beginning of her leave after Time Warner notified her that her coverage would be revoked if she did not submit the required information.

24. Time Warner denies the allegations contained in paragraph 24 of the Complaint.

25. Time Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and therefore denies the same.

26. Time Warner denies the allegations contained in paragraph 26 of the Complaint and further avers that Plaintiff's position no longer existed at the time she expressed interest in returning to Time Warner, one year and four months after her medical leave commenced.

27. Time Warner denies the allegations contained in paragraph 27 of the Complaint and further avers that Time Warner was under no obligation to provide Plaintiff with employment, nor was Plaintiff qualified for any positions that were available at the time she expressed interest in returning to Time Warner.

28. Time Warner denies the truth of the allegations contained in paragraph 28 of the Complaint and further states that Plaintiff was given notice that her position was no longer available on January 11, 2005.

29. Time Warner denies the truth of the allegations contained in paragraph 29 of the Complaint and further states that Plaintiff filed a Complaint with the Equal Opportunity Commission ("EEOC") on November 24, 2006.

30. Time Warner denies the allegations contained in paragraph 30 of the Complaint and further states that the EEOC properly dismissed Plaintiff's complaint.

31. Time Warner admits the truth of the allegations contained in paragraph 31 of the Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION

### (American Disabilities Act of 1990-Titles I and V – 29 C.F.R. 1630, *et seq.*)

32. Time Warner repeats and reasserts its responses to the allegations alleged in paragraphs 1 through 31 of the Complaint as if fully set forth herein.

33. Although Judge Chin's Order dismissed the First Cause of Action, Time Warner denies the allegations contained in paragraph 33 of the Complaint.

34. Although Judge Chin's Order dismissed the First Cause of Action, paragraph 34 and subsections (a) through (i) of the Complaint assert pure legal conclusions to which no response is required.

35. Although Judge Chin's Order dismissed the First Cause of Action, paragraph 35 of the Complaint asserts pure legal conclusions to which no response is required.

36. Although Judge Chin's Order dismissed the First Cause of Action, paragraph 36 of the Complaint asserts pure legal conclusions to which no response is required.

NY1 26492520.2

37.     Although Judge Chin's Order dismissed the First Cause of Action, paragraph 37 of the Complaint asserts pure legal conclusions to which no response is required.

38.     Although Judge Chin's Order dismissed the First Cause of Action, paragraph 38 of the Complaint asserts pure legal conclusions to which no response is required.

39.     Although Judge Chin's Order dismissed the First Cause of Action, paragraph 39 of the Complaint asserts pure legal conclusions to which no response is required.

40.     Although Judge Chin's Order dismissed the First Cause of Action, paragraph 40 of the Complaint asserts pure legal conclusions to which no response is required. To the extent a response is required, Time Warner denies the allegations in paragraph 40 of the Complaint.

41.     Although Judge Chin's Order dismissed the First Cause of Action, paragraph 41 of the Complaint asserts pure legal conclusions to which no response is required. To the extent a response is required, Time Warner denies the allegations in paragraph 41 of the Complaint.

42.     Although Judge Chin's Order dismissed the First Cause of Action, paragraph 42 of the Complaint asserts pure legal conclusions to which no response is required. To the extent a response is required, Time Warner denies the allegations in paragraph 42 of the Complaint.

43.     Although Judge Chin's Order dismissed the First Cause of Action, paragraph 43 of the Complaint asserts pure legal conclusions to which no response is required. To the extent a response is required, Time Warner denies the allegations in paragraph 43 of the Complaint.

44.     Although Judge Chin's Order dismissed the First Cause of Action, paragraph 44 of the Complaint asserts pure legal conclusions to which no response is required. To the extent a response is required, Time Warner denies the allegations in paragraph 44 of the Complaint.

NY1 26492520.2

45. Although Judge Chin's Order dismissed the First Cause of Action, paragraph 45 of the Complaint asserts pure legal conclusions to which no response is required. To the extent a response is required, Time Warner denies the allegations in paragraph 45 of the Complaint.

46. Although Judge Chin's Order dismissed the First Cause of Action, paragraph 46 of the Complaint asserts pure legal conclusions to which no response is required. To the extent a response is required, Time Warner denies the allegations in paragraph 46 of the Complaint.

47. Although Judge Chin's Order dismissed the First Cause of Action, paragraph 47 of the Complaint asserts pure legal conclusions to which no response is required. To the extent a response is required, Time Warner denies the allegations in paragraph 47 of the Complaint.

48. Although Judge Chin's Order dismissed the First Cause of Action, paragraph 48 of the Complaint asserts pure legal conclusions to which no response is required. To the extent a response is required, Time Warner denies the allegations in paragraph 48 of the Complaint.

49. Although Judge Chin's Order dismissed the First Cause of Action, paragraph 49 of the Complaint asserts pure legal conclusions to which no response is required. To the extent a response is required, Time Warner denies the allegations in paragraph 49 of the Complaint.

50. Although Judge Chin's Order dismissed the First Cause of Action, paragraph 50 of the Complaint asserts pure legal conclusions to which no response is required. To the extent a response is required, Time Warner denies the allegations in paragraph 50 of the Complaint.

51. Although Judge Chin's Order dismissed the First Cause of Action, paragraph 51 of the Complaint asserts pure legal conclusions to which no response is required. To the extent a response is required, Time Warner denies the allegations in paragraph 51 of the Complaint.

NY1 26492520.2

52. Although Judge Chin's Order dismissed the First Cause of Action, paragraph 52 of the Complaint asserts pure legal conclusions to which no response is required. To the extent a response is required, Time Warner denies the allegations in paragraph 52 of the Complaint.

53. Although Judge Chin's Order dismissed the First Cause of Action, paragraph 53 of the Complaint asserts pure legal conclusions to which no response is required. To the extent a response is required, Time Warner denies the allegations in paragraph 53 of the Complaint.

54. Although Judge Chin's Order dismissed the First Cause of Action, paragraph 54 of the Complaint asserts pure legal conclusions to which no response is required. To the extent a response is required, Time Warner denies the allegations in paragraph 54 of the Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION

### (Title VII of the Civil Rights Act of 1964 – 42 U.S.C.A. § 2000e, *et seq.*)

55. Time Warner repeats and reasserts its responses to the allegations alleged in paragraphs 1 through 54 of the Complaint as if fully set forth herein.

56. Time Warner denies the allegations contained in paragraph 56 of the Complaint except to admit that Plaintiff was terminated after a five month leave of absence.

57. Paragraph 57 of the Complaint asserts pure legal conclusions to which no response is required.

58. Paragraph 58 of the Complaint asserts pure legal conclusions to which no response is required.

59. Paragraph 59 of the Complaint asserts pure legal conclusions to which no response is required.

60. Paragraph 60 of the Complaint asserts pure legal conclusions to which no response is required.

61. Paragraph 61 of the Complaint asserts pure legal conclusions to which no response is required.

62. Paragraph 62 the Complaint asserts pure legal conclusions to which no response is required. To the extent a response is required, Time Warner denies the allegations in paragraph 62 of the Complaint.

63. Paragraph 63 the Complaint asserts pure legal conclusions to which no response is required. To the extent a response is required, Time Warner denies the allegations in paragraph 63 of the Complaint.

64. Paragraph 64 the Complaint asserts pure legal conclusions to which no response is required. To the extent a response is required, Time Warner denies the allegations in paragraph 64 of the Complaint.

65. Paragraph 65 the Complaint asserts pure legal conclusions to which no response is required. To the extent a response is required, Time Warner denies the allegations in paragraph 65 of the Complaint.

66. Paragraph 66 the Complaint asserts pure legal conclusions to which no response is required. To the extent a response is required, Time Warner denies the allegations in paragraph 66 of the Complaint.

67. Time Warner denies the allegations contained in paragraph 67 of the Complaint.

## AS AND FOR A THIRD, FOURTH, FIFTH, SIXTH, SEVENTH, EIGHTH, AND NINTH, CAUSES OF ACTION

The Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Causes of Action were all dismissed by Judge Chin's Order and, accordingly, Time Warner need not, and does not, address Paragraphs 68- 172 of the Complaint herein.

Time Warner denies the allegations contained in the WHEREFORE clause on page 23 of the Complaint. Time Warner further avers that Plaintiff is not entitled to any of the relief sought in the WHEREFORE clause on page 23 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Some of Plaintiff's claims are barred, in whole or in part, by a lack of subject matter jurisdiction.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable principles of waiver, laches, and/or estoppel.

### FOURTH DEFENSE

Plaintiff was an at will employee at Time Warner, and as such, her employment was subject to termination at any time, with or without notice.

### FIFTH DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### SIXTH DEFENSE

At all times Time Warner has acted reasonably and in good faith.

### SEVENTH DEFENSE

All actions taken or omitted by Time Warner with respect to Plaintiff were taken or omitted for legitimate, non-discriminatory business reasons.

## EIGHTH DEFENSE

Time Warner neither engaged in the alleged discrimination, nor aided or abetted it, nor encouraged, condoned, acquiesced or approved of any alleged discrimination against Plaintiff.

## NINTH DEFENSE

Subject to proof through discovery, Plaintiff has failed, in whole or in part, to mitigate her purported damages.

## TENTH DEFENSE

Plaintiff is barred, in whole or in part, from recovery of the damages that she seeks because they are not authorized under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., ("Title VII"), the United States Constitution, and/or the Constitutions of the State of New York and Connecticut.

## ELEVENTH DEFENSE

Plaintiff's claims for punitive damages are barred, in whole or in part, by the United States and the New York and Connecticut State Constitutions and/or by the statutes under which this action purportedly is brought.

## TWELFTH DEFENSE

Plaintiff is not entitled to punitive damages, in that Plaintiff cannot demonstrate malice or reckless indifference, nor can she impute liability for punitive damages to Time Warner because of its good faith efforts to comply with the Title VII and applicable State Law.

## THIRTEENTH DEFENSE

Plaintiff is not entitled to punitive damages because she cannot show that management has authorized, participated in, consented to or ratified the conduct giving rise to such alleged damages.

## FOURTEENTH DEFENSE

Without conceding in any way to the allegations of the Complaint, at all times relevant to this action, Time Warner has maintained and enforced policies prohibiting discrimination and harassment, has provided procedures through which employees can notify it of violations and/or perceived violations of these policies and has promptly investigated complaints of discrimination and harassment and has taken corrective action where appropriate. To the extent, if at all, Plaintiff experienced or perceived discrimination while in Time Warner's employ, she failed to notify Time Warner and unreasonably failed to avail herself of the preventive and corrective opportunities provided by Time Warner. Alternatively, to the extent, if at all, Plaintiff notified Time Warner of any actual or perceived discrimination or harassment and/or availed herself of the preventive and corrective opportunities provided by Time Warner, Time Warner promptly investigated and, if and to the extent appropriate, took corrective action.

**WHEREFORE**, Defendant respectfully requests judgment dismissing the Complaint in its entirety, and granting it the costs, fees and disbursements in its defense of this action, including its attorneys' fees, together with such other and further relief as the Court may deem just and proper.

New York, New York  
Dated: December 7, 2007

Respectfully submitted,

SEYFARTH SHAW LLP  
By ___s/ Richard Reice___  
    Richard Reice (RR-8874)  
    Anjanette Cabrera (AC-3922)

620 Eighth Avenue, 32nd Floor  
New York, New York  10018  
    Attorneys for Defendant Time Warner Cable

NY1 26492520.2

## CERTIFICATE OF SERVICE

I hereby certify on that on December 7, 2007 I electronically filed the foregoing DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT with the Clerk of the Court of the Southern District of New York using the CM/ECF system that will send notification of such to the following counsel of record for plaintiff:

>Boris Sorin, Esq.
>SYLVOR & RICHMAN, LLP
>605 Third Avenue- 15th Floor
>New York, New York 10158

By: _____
Anjanette Cabrera

NY1 26492520.2