SYLVOR & RICHMAN, LLP
ATTORNEYS AT LAW
605 THIRD AVENUE
NEW YORK, N.Y. 10158
TELEPHONE
(212) 972-1100
FACSIMILE
(212) 983-5271

IRIS S. RICHMAN*
ROBERT SYLVOR

BORIS SORIN*
NANCY JEAN ROCKER†

COUNSEL
RICHARD L. GOLD
CARL J. MORELLI

*ALSO MEMBER OF NEW JERSEY BAR
†ALSO MEMBER OF FLORIDA BAR

NEW JERSEY OFFICE:
2100 LINWOOD AVENUE, SUITE 12-0
FORT LEE, N.J. 07024
TELEPHONE: (201) 262-8888
FACSIMILE: (201) 262-1288

WWW.SYLVORANDRICHMAN.COM

May 5, 2008

**VIA FAX: (212) 805-7906**
**and REGULAR MAIL**
Hon. Denny Chin
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 1020
New York, NY 10007

Re:  *Starr v. Time Warner Cable, Inc., et al.*
       *CV 07-5871 (DC)*

Dear Hon. Denny Chin:

We are counsel to Plaintiff Zoe Starr in the above-referenced lawsuit. Pursuant to Local Civil Rule 37.2, Plaintiff is requesting a conference with the Court to address the fact that Defendant Time Warner Cable, Inc. has not provided any discovery to date.

On or about April 9, 2008, the Court consented to both Plaintiff's and Defendant's request to adjourn the April 11, 2008 conference to complete discovery and issued an Order that "[t]he discovery cut-off (fact and expert) is extended until May 16, 2008. FINAL. The PTC is adjourned until May 16, 2008 at 10:30 a.m. SO ORDERED." *Attached as Exhibit "A"*.

Plaintiff served discovery demands on Defendant on January 25, 2008. All discovery remains outstanding. Instead, on or about April 28, 2008, the undersigned received a Notice of Deposition from Defendants' counsel noticing Plaintiff for a May 15, 2008 deposition, conspicuously one day before the Court's cut-off date to complete discovery. *Attached as Exhibit "B"*. Defendant is well aware that Plaintiff currently resides in California and needs sufficient time to schedule her trip to New York to appear for her deposition. Plaintiff cannot, and will not, schedule her deposition until the Defendant has provided responses to all outstanding discovery. Moreover, upon production of the requested documents and information, we will not need time to review the same to prepare for depositions.

It is also important to note that, on or about April 30, 2008, rather than providing outstanding discovery, Defendant's counsel sent the undersigned a letter objecting to Plaintiff's discovery responses. *Attached as Exhibit "C"*. Besides the fact that Defendant's objections are without merit, Defendant's claim that Plaintiff has not provided responses to interrogatories is completely contrary to the facts. The undersigned personally delivered Plaintiff's responses to the interrogatories to Defendant's counsel office on April 18, 2008[1]. *Attached as Exhibit "D"*.

Defendant's purposeful failure to provide discovery has made it an impossibility for Plaintiff to conduct meaningful discovery by the discovery cut-off date, May 16, 2008.

Thank you for your time and attention to this matter. If you require any additional information, please do not hesitate to contact the undersigned.

Sincerely,

Boris Sorin

cc:
*VIA FAX: (212) 218-5526
and REGULAR MAIL*
Richard Reice
Seyfarth Shaw, LLP
620 Eighth Avenue
New York, NY 10018-1405

---

[1] The letter was drafted on April 17, 2008, but all documents were personally served by Boris Sorin, Esq. on April 18, 2008.

**EXHIBIT A**

# MEMO ENDORSED

**SYLVOR & RICHMAN, LLP**
ATTORNEYS AT LAW
605 THIRD AVENUE
NEW YORK, N.Y. 10158
TELEPHONE
(212) 972-1100
FACSIMILE
(212) 983-5271

IRIS S. RICHMAN*
ROBERT SYLVOR
BORIS SORIN°
NANCY JEAN ROCKER†

```
┌─────────────────────────┐
│ USDC SDNY               │
│ DOCUMENT                │
│ ELECTRONICALLY FILED    │
│ DOC #: _____          │
│ DATE FILED: 4/10/2008   │
└─────────────────────────┘
```

NEW JERSEY OFFICE:
2100 LINWOOD AVENUE, SUITE 12-0
FORT LEE, N.J. 07024
TELEPHONE: (201) 262-8898
FACSIMILE: (201) 262-1288

WWW.SYLVORANDRICHMAN.COM

*ALSO MEMBER OF NEW JERSEY BAR
†ALSO MEMBER OF FLORIDA BAR

April 9, 2008

**VIA FAX ONLY: (212) 805-7906**
Hon. Denny Chin
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 1020
New York, NY 10007

Re: *Starr v. Time Warner Cable, Inc., et al.*
*CV 07-5871 (DC)*

Dear Hon. Denny Chin:

We are counsel to Plaintiff Zoe Starr in the above-referenced lawsuit. I am writing you on consent of Richard Reice of Seyfarth Shaw, LLP, counsel for Defendant Time Warner Cable, Inc. Both parties are requesting to adjourn the status conference that is schedule for this Friday, April 11, 2008 to the first available date in May 2008.

The parties are in the process of gathering and exchanging discovery. We will then immediately schedule depositions. The additional time being requested will allow both parties to better prepare and report to the Court the status of this lawsuit.

Thank you for your time and attention to this matter. If you require any additional information, please do not hesitate to contact the undersigned.

Sincerely,

/s/ Boris Sorin

cc:
**VIA FAX ONLY: (212) 218-5526**
Richard Reice
Seyfarth Shaw, LLP
620 Eighth Avenue
New York, NY 10018-1405

*[Handwritten endorsement:]* The discovery cut-off (fact and expert) is extended until May 16, 2008. FINAL. The PTC is adjourned until May 16, 2008 at 10:30 am. SO ORDERED. /s/ 4/10/08

**EXHIBIT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
:
ZOHREH STARR a/k/a ZOE STARR,          :  07-CV-5871 (DC)
:
            Plaintiff,                 :
:
     v.                                :  **NOTICE OF DEPOSITION**
:
TIME WARNER, INC. and TIME WARNER      :
CABLE, INC.,                           :
:
            Defendant(s).              :
:
----------------------------------------x

PLEASE TAKE NOTICE THAT, pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Defendant Defendant, Time Warner Cable, Inc. ("Time Warner" or "Defendant") by and through its attorneys, Seyfarth Shaw LLP, will take a videotaped deposition, upon oral examination, of Plaintiff Zohreh Starr a/k/a Zoe Starr, ("Starr" or "Plaintiff"), as a party, on May 15, 2008 at 9:30 a.m. at the law offices of Seyfarth Shaw LLP, 620 Eighth Avenue, 32nd Floor, New York, New York, 10018 before a person authorized by law to administer oaths. The examination will continue from day to day until completed with respect to evidence material and necessary in the defense of this action. You are invited to attend and cross-examine.

Dated: New York, New York
       April 28, 2008

                                          SEYFARTH SHAW LLP

                                          By _____
                                            Richard Reice
                                            Anjanette Cabrera
                                            620 Eighth Avenue, 32nd Floor
                                            New York, New York  10018
                                            (212) 218-5500

NY1 26502044.1

## CERTIFICATE OF SERVICE

I, Anjanette Cabrera, an attorney admitted to practice in the Courts of New York, hereby certify that on April 28, 2008, I caused a true and correct copy of Defendant's Notice of Deposition of Plaintiff to be served by U.S. First Class Mail, postage prepaid, on the following attorney of record for Plaintiff:

        SYLVOR & RICHMAN, LLP
        Boris Sorin, Esq.
        605 Third Avenue- 15th Floor
        New York, New York 10158

_____
Anjanette Cabrera



**SEYFARTH SHAW** LLP
ATTORNEYS

620 Eighth Avenue
New York, NY 10018-1405

Boris Sorin, Esq.
Sylvor & Richman, LLP
605 Third Avenue, 15th Floor
New York, NY  10158

**EXHIBIT C**



620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500
fax (212) 218-5526
www.seyfarth.com

Writer's direct phone
212-218-5271

Writer's e-mail
acabrera@seyfarth.com

Writer's direct fax
212-218-5526

April 30, 2008

**<u>VIA FACSIMILE (212) 983-5271</u>**
**<u>FIRST CLASS MAIL</u>**
SYLVOR & RICHMAN, LLP
Boris Sorin, Esq.
605 Third Avenue- 15th Floor
New York, New York 10158

      Re:    <u>Zohreh Starr a/k/a Zoe Starr v. Time Warner Cable, Inc.</u>
            <u>U.S. District Court S.D.N.Y. Case No. 07-cv-5871 (DC)</u>

Dear Mr. Sorin:

      We write regarding Plaintiff's Responses to Time Warners' First Request for Production of Documents. Upon review, it appears that Plaintiff has asserted unfounded objections and provided deficient or incomplete answers to a number of Time Warners' requests. All of the requested information and documents sought are either directly relevant to the claims and defenses at hand, and are calculated to lead to the discovery of admissible evidence. As such, Time Warner is entitled to full and complete responses. In an effort to expedite discovery, below we have identified Plaintiff's responses that Time Warner contends are deficient.

      <u>Document Request No. 14</u>: Seeks information about what "activities sponsored by TWC" Plaintiff's was excluded from as alleged in the Complaint. This goes directly to damages, since Plaintiff alleges that the purported acts of discrimination caused her to suffer distress, and therefore Time Warner is entitled to know what events she was excluded from that contributed to the alleged harassment she suffered. Please advise immediately if Plaintiff has withheld documents on the basis of an objection, or if none exist Plaintiff should modify her response.

      <u>Document Request No. 15</u>: Requests that Plaintiff explain what "privileges of employment extended to other TWC employees" that Plaintiff was excluded from. Again this information is critical to Plaintiff's claim, because she alleges that a form discrimination she suffered was that she was treated differently then other Time Warner employees. Please advise immediately if Plaintiff has withheld documents on the basis of an objection, or if none exist Plaintiff should modify her response.

BRUSSELS · WASHINGTON, D.C. · SAN FRANCISCO · SACRAMENTO · NEW YORK · LOS ANGELES · HOUSTON · CHICAGO · BOSTON · ATLANTA

**SEYFARTH SHAW** LLP
ATTORNEYS

SYLVOR & RICHMAN, LLP
April 30, 2008
Page 2

Document Request No. 27: Plaintiff's objection to Document Request No. 27 is unfounded. Time Warner is entitled to documents concerning all sources of income derived by Plaintiff from the termination of her employment from Time Warner in 2005 until the present, including Plaintiff's federal income tax returns, as such information directly impacts Plaintiff's claims for damages. Time Warner is entitled to know the extent to which Plaintiff has earned other income that has mitigated or reduced her economic damages, and are plainly entitled to this information. In addition to the documents relating to her other income and tax returns, Plaintiff must return the signed authorization forms for Time Warner to obtain any of Plaintiff's unemployment compensation records, social security benefits records and disability benefits to the extent that any exist, in response to Document Request No. 27. We therefore renew Document Request No. 27 and request Plaintiff execute the appropriate releases attached to Time Warners' Document Requests.

Document Request No. 28: Plaintiff's objection to Document Request No. 28 is unfounded. Time Warner is entitled to this information for the same reasons stated in above, regarding Document Request No. 27 as Plaintiff's efforts to obtain employment directly goes to her efforts to mitigate any purported damages.

Document Request No. 29: Plaintiff's objection to Document Request No. 29 is unfounded. Plaintiff has not indicated a total amount of damages. Please indicate as such and provide an amount that Plaintiff has calculated for each category of damages she seeks to recover. If Plaintiff has no documents responsive to this Request, please indicate as such and confirm that your client has performed a thorough and diligent search for documents responsive to this Request. We therefore renew Document Request No. 29.

Document Request No. 30: Plaintiff's response to this request is deficient. Plaintiff only provided information regarding this lawsuit and did not indicate whether any information regarding any "judicial, administrative, or arbitration proceedings in which Plaintiff was either a plaintiff (or a complaining party) or a defendant (or a responding party)" with regard to any other lawsuits exist. We therefore renew Document Request No. 30. Please advise immediately if Plaintiff has withheld information on the basis of an objection, or if none exist Plaintiff should modify her response accordingly.

Lastly, Plaintiff has failed to respond to any of the seventeen Interrogatories that Time Warner served with its Request for Documents. Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and the Local Civil Rules of this Court Time Warner is entitled to responses to each and every Interrogatory to properly assess Plaintiff's claims and prepares its defense. Accordingly Time Warner renews all Interrogatories served on February 12, 2008.

NY1 26512418.1



    We are available to discuss these matters at further length, if necessary. If we do not hear back from you, we expect that Plaintiff will supplement her responses as soon as possible given the necessity of such documents and information to proceed with her deposition.

                      Very truly yours,

                      SEYFARTH SHAW LLP

                      Anjanette Cabrera

cc:    Richard Reice

NY1 26512418.1



SEYFARTH SHAW LLP
ATTORNEYS
620 Eighth Avenue
New York, NY 10018-1405

SYLVOR & RICHMAN, LLP
Boris Sorin, Esq.
605 Third Avenue - 15th Floor
New York, New York 10158



UNITED STATES POSTAGE
02 1M
0004242887
APR 30 2008
$ 00.41⁰
MAILED FROM ZIPCODE 10018
PITNEY BOWES

**EXHIBIT D**

SYLVOR & RICHMAN, LLP

ATTORNEYS AT LAW

605 THIRD AVENUE

NEW YORK, N.Y. 10158

TELEPHONE
(212) 972-1100

FACSIMILE
(212) 983-5271

IRIS S. RICHMAN*
ROBERT SYLVOR

BORIS SORIN*
NANCY JEAN ROCKER†

NEW JERSEY OFFICE:
2100 LINWOOD AVENUE, SUITE 12-O
FORT LEE, N.J. 07024
TELEPHONE: (201) 262-8888
FACSIMILE: (201) 262-1288

WWW.SYLVORANDRICHMAN.COM

*ALSO MEMBER OF NEW JERSEY BAR
†ALSO MEMBER OF FLORIDA BAR

April 17, 2008

**BY HAND DELIVERY**
Seyfarth Shaw, LLP
620 Eighth Avenue
New York, NY 10018-1405
**Attn: Richard Reice**

      Re: *Starr v. Time Warner Cable, Inc., et al.*
         <u>CV 07-5871 (DC)</u>

Dear Mr. Reice:

  Enclosed please find the following:

- Plaintiff's Response to Defendant's First Set of Interrogatories
- Plaintiff's Response to Defendant's First Request for the Production of Documents.

  Please note that we have not received any responses to Plaintiff's discovery demands. We cannot proceed with depositions until such time those responses are made available.

                Sincerely,

                Boris Sorin

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X   CV 07-5871 (DC)
ZOHREH STARR,

                Plaintiff,                PLAINTIFF RESPONSE

  -against-                                      TO DEFENDANTS' FIRST
                                                  SET OF INTERROGATORIES

TIME WARNER CABLE, INC.,

                Defendant(s)
------------------------------------------------------------X

       Plaintiff ZOE STARR, by her attorneys, SYLVOR & RICHMAN, LLP, responds to Defendants First Set of Interrogatories as follows:

### INTERROGATORIES

    1.    Identify each person having knowledge or information concerning the subject matter of this action, including but not limited to the allegations and claims in the Complaint.

        **Response:**    Julie Simon
                            Joanne Coniglio
                            Tom Mathews
                            Lisa Stockmon
                            John Trieweiler
                            Chuck Ellis

    Plaintiff reserves the right to supplement this response as information becomes available.

    2.    Identify the Time Warner blocked "Plaintiffs attempts to transfer within the company" as alleged in paragraph 18 of the Complaint.

    **Response:**    Plaintiff was seeking a position at Home Box Office (HBO), which was blocked internally by staff members employed by Defendant.

    3.    Identify who at Time Warner "assured Plaintiff that her position with the company would be available upon her return," as alleged in paragraph 24 of the Complaint. Your answer should include: the date, time, and manner in which the message was conveyed.

1

**Response:**   Plaintiff had various correspondences and communications with Defendant indicating that a position within the company would be available upon her return.   Please refer to Plaintiff's Response to Defendant's First Request for Production of Documents.

4.   Identify the "adverse employment conditions [Plaintiff suffered] while in the employment of TWC" as alleged in paragraph 62 of the Complaint.

**Response:**   Employees and management Defendant created a hostile environment for her to work in, which included, but not limited to the following inappropriate actions: stripping Plaintiff of her projects and responsibilities, launching a calculated defamatory campaign to bash Plaintiff's reputation, rarely speaking to Plaintiff and advising co-workers to do the same, omitting Plaintiff from important communications, excluding Plaintiff from meetings and blocking Plaintiff's attempts to transfer within the company.

5.   Identify the "job assignments [that] were taken away as part of the harassment she [Plaintiff] endured" as alleged in paragraph 63 of the Complaint.

**Response:**   Some of the job assignments that were taken away were: Channel Line Up, Interactive Program Guide, HD Cross-promotion efforts.

6.   Identify the "professional meetings, conferences and other related activities" Plaintiff was excluded from, as alleged in paragraph 64 of the Complaint.

**Response:**   After Ms. Simon's return from maternity leave the Plaintiff was purposely excluded from key strategic meetings relating to Plaintiff' employment.  She was also excluded from key social functions.  Upon information and belief, during 2004 Summer Olympics the executives in the marketing department and their spouses, including peers hired after the Plaintiff was employed by defendant, were invited to overseas trips. Upon information and belief, Plaintiff was the only executive at her level that was not extended an invitation to attend this event.  In addition, around the same time, upon information and belief, the executives in the marketing department were offered blackberries for business use. The offer was not extended to the plaintiff.

7.   Identify the "activities sponsored by TWC, including social and recreational programs" Plaintiff was excluded from, as alleged in paragraph 65 of the Complaint.

**Response:**   See response to Interrogatory numbered "5" & "6" above.

8.   Identify the "privileges of employment extended to other TWC employees" Plaintiff was excluded from, as alleged in paragraph 66 of the Complaint.

**Response:**   See response to Interrogatory numbered "6" above.

9. With respect to each response to Interrogatories Nos. 2 through 8 above, identify the factual basis for Plaintiffs allegation that each was the result of her Iranian origin.

**Response:** During Plaintiff's employment with Defendant she disclosed her Iranian origin during a routine conversation with her supervisor Julie Simon. After that point Plaintiff was treated in a hostile manner, which included, but not limited to the following inappropriate actions: stripping Plaintiff of her projects and responsibilities, launching a calculated defamatory campaign to bash Plaintiff's reputation, rarely speaking to Plaintiff and advising co-workers to do the same, omitting Plaintiff from important communications, excluding Plaintiff from meetings and blocking Plaintiff's attempts to transfer within the company.

10. Identify each instance in which Plaintiff was disciplined, counseled or warned during her employment with Time Warner, whether it was verbal oral, and when, where and why this action was taken. Identify any witnesses and individuals Plaintiff informed about these instances.

**Response:** Please refer to Plaintiff's employment file maintained and in the custody of Defendants.

11. State the total amount of each item or category of damages Plaintiff seeks to recover in this action, by category or item, and the manner or method by which such amount was calculated.

**Response:** Plaintiff objects to this request as it is vague, ambiguous and overly broad. Additionally Plaintiff objects on the grounds that it calls for a legal conclusion that is not appropriate in this form.

12. With respect to each item or category of damages specified in response to Interrogatory No. 11 above, provide the factual basis for such alleged damages and identify all persons having knowledge thereof.

**Response:** Please refer response to Interrogatory Number 11.

13. With respect to each item or category of damages specified in response to Interrogatory No. 11 above, identify all documents relating to such alleged damages.

**Response:** Please refer to Plaintiff's Response to Defendant's First Request for Production of Documents.

3

14.     Identify all symptoms of Plaintiff's emotional distress, any treatment she received for these symptoms, the names of the treating physicians and the dates of treatment.

**Response:**    See Plaintiff's Response to Defendants First Request for Production of Documents.

15.     Identify all employment Plaintiff has sought and obtained since her termination from Time Warner. Include the manner in which Plaintiff became aware of the position, dates of interviews and detail of any offers made, and whether or not Plaintiff accepted or rejected said offers.

**Response:**    Plaintiff objects to this Interrogatory as it requests information that is not relevant to this lawsuit.

16.     Identify any and all potential witnesses Plaintiff believes will support any of her allegations in the Complaint.

**Response:**    See response to Interrogatory numbered "1" above. Plaintiff reserves the right to supplement this response.

17.     Identify any potential expert witnesses Plaintiff has consulted or expects to consult to support her claims for damages in the Complaint.

**Response:**    Plaintiff has not yet retained any experts with respect to the instant lawsuit. When such experts are retained, Plaintiff will comply with the applicable provisions of the federal rule of civil procedure and case law interpreting same.

Dated:      New York, New York
            April 16, 2008

                                Yours, etc

                                SYLVOR & RICHMAN LLP
                                Attorneys for Plaintiff
                                ZOE STARR

                                By: _____
                                BORIS SORIN, ESQ. (BS - 9689)
                                605 Third Avenue 1501
                                New York NY 10158
                                (212) 972-1100

4

To:
SEYFARTH SHAW LLP
Attorneys for Defendants
Time Warner, Inc. and
Time Warner Cable, Inc.
620 Eighth Avenue
New York, New York 10018
(212) 218-5500